# UNITED STATES *v.* ÆTNA EXPLOSIVES COMPANY.

## CERTIORARI TO THE UNITED STATES COURT OF CUSTOMS APPEALS.

No. 296.   Argued April 27, 28, 1921.—Decided May 16, 1921.

The addition of 20 per cent of sulphuric acid to a shipment of nitric acid, to render the latter non-injurious to the steel tanks in which it is transported, resulting in a mechanical mixture not intended or adapted as such to commercial use, does not take the merchandise out of par. 387 of the free list, Tariff Act of 1913, and render it dutiable under par. 5, which imposes 15 per cent ad valorem on "all chemical and medicinal compounds, preparations, mixtures," etc. P. 404.

9 Gust. App. Rep. 298, affirmed.

CERTIORARI to review a judgment of the Court of Customs Appeals, which, reversing a judgment order of the Board of General Appraisers (G. A. 8235, 36 T. D. 170; Brown, G. A., dissenting), sustained the respondent's claim of free entry for its merchandise.

*Mr. Assistant Attorney General Hanson* for the United States.

*Mr. Addison S. Pratt* for respondent.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

A writ of certiorari to the Court of Customs Appeals was granted under the Act of August 22, 1914, c. 267, 38 Stat. 703.  9 Cust. App. Rep. 298.

The question presented is whether the imports came within paragraph 387 of the free list, Tariff Act of 1913, c. 16, 38 Stat. 114, which provides—

"Acids:  Acetic or pyroligneous, arsenic or arsenious, carbolic, chromic, fluoric, hydrofluoric, hydrochloric or muriatic, nitric, phosphoric, phthalic, prussic, silicic, sulphuric or oil of vitriol, and valerianic; " or was dutiable under paragraph 5—

"Alkalies, alkaloids, and all chemical and medicinal compounds, preparations, mixtures and salts, and combinations thereof not specially provided for in this section, 15 per centum ad valorem."

The imported merchandise was nitric acid, to which approximately 20 per cent. by weight and 5 per cent. according to value of sulphuric acid had been added for the sole purpose of preventing corrosion of steel tank cars essential for transportation of the former acid in large quantities.  That the addition of sulphuric acid prevents nitric acid from attacking steel is a well known fact concerning which there is no very satisfactory explanation. The court below found the sulphuric acid was added solely for transportation purposes, and that the result was not a mixture merchantable as such for use in the United States.  It accordingly held that no duty should have been demanded and among other things said:

"The word 'preparations' [in paragraph 5] implies of course that they are something prepared and adapted to particular uses or services. It is no stretch to say that the word 'mixtures' as here employed was used in a similar sense to import mixtures susceptible of commercial use as they exist, or are at least such as are purposely started on their way toward adaptation to such use. While not resting this case solely upon this view, it certainly would appeal with great force were it the only consideration involved." "The testimony fairly tends to show that as a commercial proposition there is only one practical means of transporting strong nitric acid such as that involved in the present importation in quantities sufficient to meet the current demand, and that is to mix it with a sufficient amount of sulphuric acid and ship it in tank cars or drums." "It is evident that the importer sought to introduce nitric acid and had no desire to import sulphuric acid, or nitric and sulphuric acid as a usable mixture. This small percentage of sulphuric acid which was relatively insignificant in its money value was employed solely for the purpose of making it possible to ship the nitric acid into this country in usable quantities. The result was not a mixture merchantable as such for use in the United States. . . . The merchandise had not reached the state of a commercial mixture contemplated by the statute. It was susceptible of no use other than as nitric acid, which must before use be again treated. The mixing of this minimum amount of sulphuric acid should be treated as a means of and part of the shipment, and as an act as essential in the importation of nitric acid as would have been the proper packing of glassware or other goods designed for shipment by rail." "In the present case we are convinced that there was neither an advantage to the importer in adding the requisite amount of sulphuric acid to admit of safe shipment of the nitric acid nor was there any possible loss of revenue to the

Government. The sole purpose which this addition was made was to admit of shipmen It would be sticking in the bark to say that this was such a mixture as the statute in question contemplates. It is not yet prepared. It has not been advanced as a preparation for actual use except to the extent that a small portion of the requisite amount of sulphuric acid which when added in the proper quantity would result in making a mixture which was usable, is found in this tank instead of some other. The quantity is relatively insignificant." "We think that the true rule is that the introduction of a quantity of sulphuric acid solely for the purpose of rendering the transportation of nitric acid safe, and which does not result in a usable mixture, is more in the nature of an act of shipment than an admixture and does not produce a substance which is dutiable under paragraph 5."

We find no reason for disapproving the conclusion reached by the Court of Customs Appeals. The applicable tariff act granted free entry to both nitric and sulphuric acids, and, viewed practically, the commodity in question was nothing more than nitric acid rendered non-injurious to steel tanks by adding sulphuric acid of small value. The two acids do not interact and the result was a mere mechanical mixture not intended or adapted as such for commercial use and not a chemical mixture within the true intent of paragraph 5.

The judgment of the court below must be

*Affirmed.*

MR. JUSTICE DAY took no part in the consideration or decision of this case.

MR. JUSTICE CLARKE dissents.