**AMOCO OIL COMPANY,**
etc., **Appellant,**

v.

**The UNITED STATES, Appellee.**

**Appeal No. 84–971.**

United States Court of Appeals,
Federal Circuit.

Dec. 13, 1984.

Douglas W. Johnson, Chicago, Ill., argued for appellant.

Barbara M. Epstein, Dept. of Justice, New York City, argued for appellee. With her on the brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Washington, D.C., and Joseph I. Liebman, New York City, Attorney in Charge International Trade Field Office.

Joan P. Freed, Jeffrey I. Gordon and Mark W. Ryan, Mayer, Brown & Platt, Washington, D.C., were on the brief for amicus curiae, Dome Petroleum Corp.

Before KASHIWA, Circuit Judge, SKELTON, Senior Circuit Judge, and NIES, Circuit Judge.

KASHIWA, Circuit Judge.

This is an appeal from a decision of the Court of International Trade holding that the imported merchandise, "center-cut" natural gas liquids (NGLs), was correctly classified under the Tariff Schedules of the United States (TSUS), item 430.00, which provides for "mixtures of two or more organic compounds" subject to an assessed duty rate of 5 percent ad valorem. 583 F.Supp. 581. We affirm the trial court.

### Background

The parties stipulated to the following facts. The imported merchandise, which contains more than 50 percent by weight of propane, is a mixture of compounds con-

sisting of "center-cut" natural gas liquids and propane, exported from Canada to the United States between February 17 and March 14, 1977. In the shipments at issue, extra propane was injected into the NGL mixture raising the propane level in the merchandise to more than 50 percent by weight. Prior to this injection, the mixture did not contain more than 50 percent by weight of any one hydrocarbon compound.

Upon importation into the United States, the NGLs were classified under TSUS, item 430.00, as "mixtures of two or more organic compounds" and were assessed with duty at the rate of 5 percent ad valorem. The appellant, Amoco, contends the subject merchandise is properly classifiable under TSUS, items 475.70 and 475.15, or, alternatively, controlled by TSUS, General Headnote 7.

The pertinent statutory provisions provide:

Tariff Schedules of the United States, 19 U.S.C. Section 1202:

Schedule 4, Part 2:

Item 430.00   Mixtures of two or more organic compounds .............. 5% ad valorem but not less than the highest rate applicable to any component compound.

Schedule 4, Part 10:

Item 475.15   Natural gas, methane, ethane, propane, butane, and mixtures thereof .............. Free

Schedule 4, Part 10:

Mixtures of hydrocarbons not specially provided for, derived wholly from petroleum, shale oil, natural gas, or combinations thereof, which contain by weight not over 50 percent of any single hydrocarbon compound:

*       *       *       *

Item 475.70   In other than liquid form ................ Free

General Headnote 7, TSUS:

7. Commingling of articles:
(a) Whenever articles subject to different rates of duty are so packed together or mingled that the quantity or value of each class of articles cannot be readily ascertained by customs officers (without physical segregation of the shipment or the contents of any entire package thereof), by one or more of the following means—

*       *       *       *

the commingled articles shall be subject to the highest rate of duty applicable to any part thereof unless the consignee or his agent segregates the articles pursuant to subdivision (b) hereof.

*       *       *       *

(e) The provisions of this headnote shall apply only in cases where the schedules do not expressly provide a particular tariff treatment for commingled articles.

The trial court found the subject merchandise was not properly classifiable under TSUS, items 475.15 and 475.70, and that TSUS, General Headnote 7, did not apply. The trial court instead found that the merchandise was properly classified under TSUS, item 430.00, as a "mixture of two or more organic compounds" with duty assessed at the rate of 5 percent ad valorem. In reaching this conclusion the trial court determined that the imported merchandise constituted a single tariff entity even though the merchandise was composed of two duty-free parts.

## I

Amoco argues for duty-free entry of its merchandise on two grounds. First, Amoco contends that since its merchandise consists of only two components, "center-cut" NGLs and propane, each of which, if imported separately would be admitted duty-free under TSUS, items 475.70 and 475.15, respectively, their mixture should also be admitted duty-free. Second, Amoco argues that its merchandise is "commingled" and therefore duty-free under TSUS General Headnote 7. We consider each argument in turn noting that Amoco has the burden of establishing that the classification of the Customs Service is incorrect. *Jarvis Clark Co. v. United States,* 739 F.2d 628 (Fed.Cir. 1984).

While Amoco argues for the duty-free entry of its merchandise on the basis that the components of its merchandise, "center-cut" NGLs and propane, are both, if imported separately, admitted duty-free, the government urges that duty-free entry of the subject merchandise is prohibited by the express language of TSUS, item 430.00.

■ A review of TSUS, item 475.70, indicates that "mixtures of hydrocarbons not specially provided for, derived wholly from * * * natural gas or combinations thereof, which contain by weight not over 50 percent of any single hydrocarbon compound" * * * are admitted duty-free. Put another way, TSUS, item 475.70, states that only mixtures which do not contain over 50 percent of any single hydrocarbon compound are classifiable thereunder. Since Amoco acknowledges that its imported merchandise contains over 50 percent by weight of the hydrocarbon compound propane, we are compelled, in view of the clear language of the statute, to conclude that TSUS, item 475.70, does not apply in this case. Amoco's attempt to show that TSUS, item 475.-70 is applicable to its merchandise by resort to the legislative history of the section is of no avail where, as here, the statute is unambiguous on its face. *Consumer Product Safety Commission v. GTE Sylvania Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *Tennessee Valley Authority v. Hill*, 437 U.S. 153, 184, 98 S.Ct. 2279, 2296, 57 L.Ed.2d 117 (1978); *United States v. Corning Glass Works*, 586 F.2d 822 (CCPA 1978).[1]

■ Amoco further argues that since propane was mixed with the NGL stream for purposes of transportation in such a way that no new product was formed, the 50 percent limitation of TSUS, item 475.70, does not control. We cannot agree. Amoco has stipulated that "there is nothing inherent in the chemistry of propane or other ingredients of the NGL stream which required Amoco to add propane in amounts which resulted in raising the propane level in the merchandise to over 50 percent in weight." In short, the propane was not added to the NGL stream merely to facilitate the transportation of that stream. Although there are situations in which ingredients added to a product to facilitate transportation could be disregarded for tariff purposes, the factual circumstances of the instant case weigh against such an outcome.[2]

■ Amoco also argues that since its "center-cut" NGLs are derived directly from natural gas, both the NGLs and the additional injected propane are contemplated by TSUS, item 475.15. We do not agree. We note that while TSUS, item 475.15, states that "natural gas, methane, ethane, propane, butane and mixtures thereof" are admitted duty-free, Amoco has acknowledged that its merchandise is not natural gas, methane, ethane, propane or butane. Accordingly, since the imported merchandise is not any of the articles enumerated in TSUS, item 475.15, it cannot reasonably be considered a mixture of those articles. It is true, of course, that one of the hydrocarbon compounds contained in the merchandise, propane, is classifiable under TSUS, item 475.15, if imported separately. However, it does not follow that the entire

---

**1.** Dome Petroleum Corporation, *amicus curiae* in support of Amoco's position, theorizes that classification under TSUS, item 475.70, is not prohibited by the 50 percent limitation set forth in the statute because "the 50 percent product, propane, is duty-free" and the 50 percent rule applies only to dutiable ingredients. We, however, are unable to find support for such exception and are unpersuaded by the legislative history cited by Dome in the *Tariff Classification Study* of 1960 to adopt a view contrary to the clearly expressed limits of the statute.

**2.** For example, in the *United States v. Aetna Explosives Company*, 256 U.S. 402, 41 S.Ct. 513, 65 L.Ed. 1013 (1921), the imported merchandise was nitric acid transported in steel tank cars. Since nitric acid is known to corrode steel, sulphuric acid was added to the nitric acid to prevent corrosion of the tank cars and permit transport of the merchandise. The sulphuric acid added in these circumstances was held nondutiable. In distinct contrast to the sulphuric acid added in *Aetna, supra*, the extra propane injected into the imported merchandise at bar was not added merely to facilitate transportation of the NGL stream. Rather, the record shows that the extra propane added to the NGL stream had commercial value in and of itself. *See also Northam Warren Corp. v. United States*, 475 F.2d 647 (CCPA 1973).

"center-cut" mixture is classifiable thereunder. Indeed, the trial court observed and Amoco acknowledges that many of the other components of the merchandise, if imported separately, are not classifiable under this section. The trial court stated: "If imported individually, [the components of the NGL stream] neo pentane, iso pentane, n-pentane, and neo hexane are subject to classification under item 429.54, TSUS, at 5 percent ad valorem."

■ Finally, Amoco argues that, as an alternative to classification under TSUS, item 475.70 and 475.15, its merchandise should be admitted duty-free under TSUS, General Headnote 7 as commingled articles. Amoco here regards its imported mixture as comprising only two articles, NGLs and propane, both of which are admitted duty-free. Under the "highest rate rule" Amoco contends that its merchandise should be assessed at a zero rate of duty inasmuch as the highest rate applicable to "any one kind of merchandise," i.e., the propane or "center-cut" NGL streams, is zero.[3] We do not accept this reasoning. First, Amoco's argument is based on a mischaracterization of the subject merchandise into only two components. We, here, are in agreement with the trial court's observation that the subject merchandise as a whole is a mixture of propane and the components of NGL. Under the express statutory provision, NGL loses its status as a recognizable product when any ingredient exceeds 50%. At that point, it becomes merely a mixture of its chemical components. As we agree the merchandise is a mixture, it was properly classified under TSUS, item 430.00, and General Headnote 7 is inapplicable.[4] Moreover, even if we accepted Amoco's characterization of its merchandise as a mixture of only two duty-free components, the language of the headnote would still not apply. The first line of the headnote provides that the highest rate

rule is applicable only where articles subject to different rates of duty are commingled. Since the "center-cut" NGL stream, prior to the injection of the extra propane, was subject to the same zero rate of duty as the propane imported separately, the terms of the headnote are not satisfied.

Finally, we note that case law supports the conclusion that where merchandise is determined to be a mixture, the commingling headnote does not apply. Amoco, in reviewing the court decisions upon which the Customs Service relied, *V. Alexander & Company, Inc. v. United States*, 276 F.Supp. 573 (Cust.Ct.1967) and *United States General Appraisers*, T.D. 25,646, 8 Treas.Dec. 385 (1904), concluded that only when a "mixture" of two items forms a new, entirely distinct article is such mixture classified under a provision relating to the new item. We do not accept this interpretation as controlling. Rather, these cases support the notion that a mixture is dutiable under a mixture provision even if the components of the mixture would be duty-free if imported separately. Moreover, Amoco's reliance on *Archer-Daniels-Midland Co. v. United States*, C.D. 1618, 32 Cust.Ct. 305 is misplaced. In *Archer-Daniels-Midland* the merchandise in question was a mixture of sperm oil and whale oil. The importer claimed treatment for its merchandise under the commingling rule, with duty assessed in accordance with the highest rate of duty applicable to any one part of the commodity rather than the duty assessed on the merchandise as a "mixture." The court rejected this contention, stating that the specific provision for combinations and mixtures of oil contained in the tariff statute precluded resort to the commingling section of the act. The court stated that "Congress was cognizant of and wished to guard against the invasion by section 508 [the predecessor to the commingling headnote] of provisions in the tar-

---

3. The highest rate rule refers to the effect of applying the commingling rule of General Headnote 7(a) to assess upon the entire commingled mixture the highest rate of duty applicable to any part.

4. Where the merchandise is given particular treatment elsewhere in the schedule, subsection

(e) to the General Headnote 7 provides that the headnote is not applicable. Since the merchandise here is a "mixture," TSUS, item 430.00, which provides for "mixtures of two or more organic compounds," is just such a particular tariff provision.

iff act for mixtures of various kinds * *." 32 Cust.Ct. at 310. By the court's reasoning, if resort were had to section 508, the statutorily fixed duty rates for mixtures would be rendered null and void. *E.C. Lineiro v. United States*, 37 CCPA 10, C.A.D. 411 (1949), cited by the trial court, provides further support for our finding that the commingling headnote is inapplicable to the case at bar. In *E.C. Lineiro*, the court did not consider dispositive the fact that each component part of the merchandise in question was *eo nomine* designated in the tariff statute. Rather, the court's characterization of the merchandise as a mixture prevailed over any specific provisions of the tariff act relative to its component parts.

In summary, Amoco has not shown that the Customs Service misclassified its merchandise. In particular, Amoco's merchandise was properly classified under TSUS, item 430.00, which provides for "mixtures of two or more organic compounds." Amoco, by the manner in which it chose to enter its merchandise, is precluded from duty-free treatment by the clear terms of the controlling statute. We affirm the judgment below.

AFFIRMED.