**AMERICAN HARDBOARD ASSOCIATION, Plaintiff,**

v.

**UNITED STATES of America, Defendant,**

and

**Macmillan Bloedel Limited, Party-in-Interest.**

**Court No. 83–9–01301.**

United States Court of International Trade.

Dec. 10, 1986.

---

Keck, Mahin & Cate, Brock R. Landry and Robin W. Grover, Chicago, Ill., for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Civ. Div., Dept. of Justice, Saul Davis, New York City, for defendant.

Busby, Rehm & Leonard, P.C., John B. Rehm and Munford Page Hall, II, Washington, D.C., for party-in-interest.

## MEMORANDUM OPINION AND ORDER

DiCARLO, Judge:

American Hardboard Association (plaintiff) is a trade association of domestic manufacturers of hardboard products. Pursuant to 19 U.S.C. § 1516(a) (1982), plaintiff filed a petition with the Secretary of the Treasury (Secretary) challenging the United States Customs Service (Customs) classification of merchandise imported from Canada by MacMillan Bloedel (party-in-interest) as "Building boards not specially provided for, whether or not face finished, other boards, of vegetable fibers (including wood fibers)—Other," under item 245.90, Tariff Schedules of the United States (TSUS). Merchandise classified under item 245.90, TSUS is entitled to duty-free entry. In its petition plaintiff contended that the merchandise is dutiable as "items not specifically provided for, of wood," under item 207.00, TSUS, or as "hardboard, whether or not face finished," under TSUS items 245.-00, 245.10, 245.20 or 245.30, depending on value and face finish.

Customs denied plaintiff's petition. Plaintiff filed a timely notice under 19 U.S.C. § 1516(c) (1982) that it intended to challenge Customs determination, and brought an action contesting the denial of the petition under 28 U.S.C. §§ 1581(b) and 2631(b) (1982). Under 19 U.S.C. § 1516(e) party-in-interest appeared in the action, seeking to maintain the duty-free status of its merchandise under item 245.90, TSUS.

Before trial, plaintiff amended its complaint to include an alternative classification of the merchandise under item 245.80, TSUS, as "Laminated boards bonded in whole or in part, or impregnated, with synthetic resins." Defendant and party-in-interest did not object to the amendment. After hearing evidence at trial relating to the merits of the government's classification and the claimed classifications in the original complaint, the Court, without ob-

jection from the parties, remanded to Customs for examination of the alternative claim raised in the amended complaint. The Court retained jurisdiction over all questions relating to the alternative claim.

Customs published notices in the Federal Register on March 11, and April 15, 1986 that it was reviewing the tariff classification of the merchandise at the direction of the Court. After receiving comments and reviewing the relevant tariff provisions, Customs reported to the Court its determination that the merchandise is classifiable under the alternative claim, item 245.80, TSUS.

After careful analysis of the comments submitted, and further review of the matter, Customs finds that the subject hardboard lap siding, which is manufactured through a process whereby a newsprint face is overlaid on a wet wood fiber mat and combined with the mat through the application of heat and pressure, is classifiable as a building board, not specially provided for, whether or not face finished: laminated boards, bonded in whole or in part, or impregnated, with synthetic resins, under item 245.80, TSUS, dutiable at the rate of 1.4 cents per pound plus 2.6 percent ad valorem.

*Tariff Classification of Prefinished Hardboard Siding*, 51 Fed. Reg. 39368, 39370 (October 28, 1986).

Although the government now contends that plaintiff's alternative classification is correct, plaintiff still seeks adjudication of its claim that the merchandise is properly classified under item 245.30 or 207.00, TSUS.

Plaintiff and defendant move "that the 245.80 claim be dismissed as moot" since the government no longer denies plaintiff's claim under that provision. Brief for plaintiff at 3; *see* brief for defendant at 3. They contend that the Court may not consider whether item 245.80, TSUS is the proper classification, and that the only issue remaining in the case before the Court is whether the tariff provisions claimed in the original complaint should prevail over the government's original classification.

Party-in-interest continues to argue that item 245.90, TSUS is correct and moves to file a supplemental pleading containing a cross-claim against the government that the merchandise should be classified under item 245.90, TSUS rather than under item 245.80, TSUS.

■ The questions presented are: (1) whether the Court may determine the correct classification of merchandise subject to an action brought under section 516 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516 (1982), where Customs on remand has determined its original classification to be incorrect and conflicting claims as to the proper classification continue to be asserted; and (2) if so, whether party-in-interest must file a cross-claim in order to assert its claim that the merchandise should not be classified under item 245.80, TSUS. The Court holds that it has jurisdiction to determine the correct classification of the merchandise, and that party-in-interest may raise its arguments concerning the correctness of item 245.80, TSUS without filing a cross-claim.

The remand powers of the Court are set forth in 28 U.S.C. § 2643(b) (1982) which states:

If the Court of International Trade is unable to determine the correct decision on the basis of the evidence presented in any civil action, the court may order a retrial or rehearing for all purposes, or may order such further administrative or adjudicative procedures as the court considers necessary to enable it to reach the correct decision.

The legislative history of section 2643(b) states:

Subsection (b) is a new provision that empowers the Court of International Trade to remand the civil action before it for further judicial or administrative proceedings. In granting this remand power to the court, the Committee intends that the remand power be coextensive with that of a federal district court. In addition, this subsection authorizes the court to order a retrial or rehearing to

permit the parties to introduce additional evidence.

*Subsection (b) has particular impact on civil actions brought pursuant to section 515 or 516 of the Tariff Act of 1930.*

H. Rep. No. 1235, 96th Cong., 2d Sess. 60, *reprinted in* 1980 U.S. Code Cong. & Ad. News 3729, 3772 (emphasis added).

Plaintiff's and defendant's argument rests on the assumption that even after the government concedes that its classification is erroneous, the Court may be requested by plaintiff and the government to decide a case under section 1516 by comparing selective tariff provisions, each of which may be incorrect. The government states:

It may appear that this Court is in an anamolous position. It is requested by [plaintiff] and the United States to decide this case by ascertaining whether item 245.90, TSUS is more appropriate than item 245.30 and 207.00, TSUS, when it knows that Customs will, in the future, not apply item 245.90, TSUS, if the court finds that item 245.30 and 207.00, TSUS, do not apply to [party-in-interest's] siding.

Reply brief for defendant at 13. The Court agrees that such a position is anomolous, but finds that it is not constrained to reach this result.

Our appellate court discussed the remand powers of this Court in the landmark case *Jarvis Clark Co. v. United States,* 733 F.2d 873, *reh'g den.,* 739 F.2d 628 (Fed.Cir.1984). In that case, where the governments classification was found to be incorrect, the court stated:

[Section 2643(b) ] is more logically interpreted as mandating that the court reach a correct decision in every case; but the statute leaves to the court the discretion whether it should remand for further proceedings or should reach the correct decision on its own. Remand may not always be the appropriate means for finding the right answer; however, whether the court remands, conducts its own hearing, or simply examines the law and the tariff schedules on its own initia-

tive, it is required to reach a *correct* result.

*Id.* at 878 (emphasis in original).

Defendant requests that our appellate court's interpretation of section 2643(b) not be followed since *Jarvis Clark* was an action brought under section 1514, and therefore it is *"obiter dictum "* in this case. Brief for defendant at 10, n. 6. But as the *Jarvis Clark* opinion indicates, the interpretation of section 2643(b) applies regardless whether it is an importer or a domestic industry that challenges the classification of merchandise. *See Jarvis Clark,* 733 F.2d at 876 & n. 4.

Defendant also argues that Congress could not have intended that the Court reach the correct classification in actions brought under section 1516 because of the many procedural differences between those cases and actions commenced under section 1514. Although there are procedural dissimilarities, the language of the legislative history on which the *Jarvis Clark* holding rests expressly applies in cases brought under both section 1514 and section 1516.

Congress has required that prospective effect be given to judgments of the Court of International Trade in actions under section 1516. 19 U.S.C. § 1516(f) states in part:

If the cause of action is sustained in whole or in part by a decision of the United States Court of International Trade or of the United States Court of Appeals for the Federal Circuit, merchandise of the character covered by the published decision of the Secretary, which is entered for consumption or withdrawn from warehouse for consumption after the date of publication in the Federal Register by the Secretary or the administering authority of a notice of the court decision, shall be subject to appraisement, classification, and assessment of duty in accordance with the final judicial decision in the action. . . .

It is unlikely that Congress would require Customs to classify merchandise in accordance with the judgment of the Court if the Court for example, sustained plaintiff's

claim under item 245.30, TSUS or item 207.-00, TSUS but had not considered the tariff provision which Customs now contends is correct.

Defendant would also have the Court find that the holding in *Jarvis Clark,* even as it applies to actions under section 1514, has been overruled by *V.G. Nahrgang v. United States,* 741 F.2d 1363 (Fed.Cir. 1984). In *Nahrgang,* the appellate court affirmed a decision by this Court dismissing an importer's challenge to the classification of merchandise by Customs. A dissenting judge stated:

> I do not agree with the majority that the trial court sustained the Customs Service classification but believe, instead, that the trial court held that the Customs Service classification was not precluded in view of the fact that appellant failed to establish its claimed classification. Accordingly, I would reverse the decision of the Court of International Trade and remand for further consideration in light of *Jarvis Clark.*

*Id.* at 1368 (Miller, J., dissenting). According to defendant, the dissent shows that "the *Nahrgang* majority refused to follow *Jarvis Clark.*" Brief for defendant, at 10, n. 6.

This argument is not persuasive. A better interpretation is that even though the decision by the Court of International Trade predated the holding in *Jarvis Clark,* the *Nahrgang* majority found that the proper classification had been reached in the lower court proceeding.

Furthermore, defendant fails to acknowledge that subsequent to *Nahrgang,* the United States Court of Appeals for the Federal Circuit has upheld the holding in *Jarvis Clark* that the Court must reach the correct result in classification cases where the government's classification is incorrect. *Childcraft Education Corp. v. United States,* 2 CAFC 121, 742 F.2d 1413, 1414 (1984); *see also Amoco Oil Co. v. United States,* 3 CAFC ——, 749 F.2d 1576, 1578 (Fed.Cir.1984); *Stewart-Warner Corp. v. United States,* 3 CAFC ——, 748 F.2d 663, 665 (1984). In the Court of International Trade the *Jarvis Clark* opinion has been cited as binding authority on at least 28 occasions. If the government believes that *Jarvis Clark* should be overruled it should address its arguments at an appropriate time to the Court of Appeals for the Federal Circuit or the United States Supreme Court.

Based upon the remand powers granted this Court in the Customs Courts Act of 1980, the legislative history of that Act, and the reasoning of the court in *Jarvis Clark,* the Court holds that the question whether the merchandise is correctly classified under item 245.80, TSUS is not moot. The Court "must consider whether the government's classification is correct, both independently and in comparison with" the alternative clasifications. *Jarvis Clark,* 733 F.2d at 878. If the Court were prohibited from comparing item 245.80, TSUS with other provisions, the Court could be forced to decide the case by comparing erroneous tariff provisions. Since Customs contends that the original classification is incorrect and plaintiff continues to advance alternative claims by invoking the jurisdiction of the Court, the Court must consider the tariff schedules as a whole and reach the correct classification. Plaintiff's and defendant's motions are denied.

Turning to the question whether party-in-interest must file a supplemental pleading and cross-claim to argue that the merchandise is classifiable under 245.90, TSUS, and not item 245.80, TSUS, the Court finds that it need not, since party-in-interest may raise this argument under its original pleadings.

19 U.S.C. § 1516(e) states:

> The consignee or his agent shall have the right to appear and to be heard as a party in interest before the Court of International Trade.

Accordingly, the party-in-interest may exercise the right granted in section 1516(e) so long as plaintiff continues to maintain this action pursuant to section 1516.

Plaintiff's and defendant's motions to dismiss in part are denied. Party-in-inter-

est's motion to file a supplemental pleading is denied. The Court will convene a conference within 15 days to discuss the manner in which the action shall proceed.