**SLIP OP. 99-140**
**UNITED STATES COURT OF INTERNATIONAL TRADE**

_____

|  |  |
|---|---|
| 3V, Inc., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | **BEFORE: Wallach, Judge** |
| : | **Court No.: 97-05-00718** |
| THE UNITED STATES, : | |
| : | |
| Defendant. : | |

_____

[Defendant's Motion To Dismiss for failure to state a claim upon which relief may be granted, is granted.]

Decided: December 21, 1999

Reed Smith Shaw & McClay (James K. Kearney), Washington, D.C., for Plaintiff.

David W. Ogden, Acting Assistant Attorney General; Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, (Saul Davis, Senior Trial Counsel), for Defendant.


**OPINION**

**I**

**INTRODUCTION**

**WALLACH, Judge**: This matter is before the Court on the Defendant's Motion To Dismiss For Lack

Of A Justiciable Controversy ("Motion To Dismiss") pursuant to USCIT R. 12(b)(5)[1]. This Court

grants Defendant's Motion.

_____

[1]The Government actually mistakenly filed its Motion pursuant to USCIT R. 12(b)(6); however, there is no USCIT R. 12(b)(6). Though styled under USCIT R. 12(b)(6), this Court will treat the Government's Motion as filed pursuant to the proper provision, USCIT R. 12(b)(5).

## II

## BACKGROUND

Plaintiff, 3V, Inc. ("3V"), challenges the Government's classification of 3CC/M,[2] trichlorocarbanilide marketed by 3V under that trade name. Plaintiff's Complaint was filed in October 1998, to contest Customs' October 1996 denial of 3V's administrative protest regarding two entries of 3CC/M.

Plaintiff alleges that Customs improperly classified its importations of 3CC/M as cyclic amides, HTSUS tariff item 2924.21.16.00.[3] Entries under that heading enter duty free under the Agreement on Trade in Pharmaceutical Products. 3V argues the 3CC/M is "more specifically provided for" under the

---

[2]The product 3CC/M is a bactericide used in deodorant soap and stick products.

[3] HTSUS Subheading 2924.21.16.00 reads:
2924    Carboxyamide-function compounds; amide-function compounds of carbonic acid:
              Cyclic amides (including cyclic carbamates) and their derivatives; salts thereof:
2924.21              Ureines and their derivatives; salts thereof:
                      Aromatic:
                      Pesticides:
                            *****
2924.21.16.00                      Other.

heading for acyclic amides, HTSUS 2924.10.10.50.[4] Compl. at ¶ 9. Entries under that heading also enter duty free under the Agreement on Trade in Pharmaceutical Products.

On February 16, 1999, the Government filed Defendant's Motion to Dismiss For Lack of a Justiciable Controversy. Defendant argues that the Court can order no relief because both the assessed and claimed provisions are duty-free. Therefore, it says, the Complaint does not meet the "case and controversy" requirements of Article III of the U.S. Constitution.

The central issue in this case is whether the Court may decide a claim brought pursuant to 28 U.S.C. § 1581(a) in which the rates of duty under both the claimed and assessed provisions are the same (duty-free).

For the reasons set forth below, the Court finds that it cannot decide such a claim, and grants Defendant's Motion To Dismiss.

---

[4]HTSUS Subheading 2924.10.10.50 reads:
2924   Carboxyamide-function compounds; amide-function compounds of carbonic acid:
2924.10          Acyclic amides (including acyclic carbamates) and their derivatives; salts
                    thereof:
2924.10.10                Amides
                              *****
2924.10.10.50                        Other.

## III

## DISCUSSION

## A

## Article III Grants Federal Courts Jurisdiction Only Over Live Cases and Controversies for Which Effective Relief May Be Granted to an Aggrieved Party

Plaintiff filed this claim pursuant to 28 U.S.C. § 1581(a) for denial of a protest regarding Customs' classification of its product, 3CC/M. Pursuant to § 1581(a), "[t]he Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." 28 U.S.C. § 1581(a) (1994). Plaintiff argues that the Court's analysis should end here, and it should hold that since it has a specific grant of jurisdiction, it will entertain Plaintiff's claim.

However, despite a statutory grant of jurisdiction, a court's authority to entertain a claim hinges upon meeting the requirements of Article III of the U.S. Constitution. See generally NSK Ltd. v. United States, 17 CIT 488 (1993); Alhambra Foundry v. United States, 10 CIT 330, 635 F. Supp. 1475 (1986). Pursuant to Article III, federal courts are only empowered to decide those claims which present live cases or controversies. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983) (citing DeFunis v. Odegaard, 416 U.S. 312, 316 (1974)); Acrilicos v. Regan, 9 CIT 442, 446, 617 F.Supp. 1082, 1085 (1985); U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980). If a claim fails the Article III criteria, the Court must dismiss the claim as non-justiciable regardless of a statutory grant of jurisdiction. See Liner v. Jafco, Inc., 375 U.S. 301, 306 n.3 (1964); Powell v. McCormack, 395 U.S. 486, 496 n.7 (1969).

The Supreme Court has articulated the case and controversy principle more fully. In <u>California v. San Pablo & T.R. Co.</u>, it stated:

> The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property which are actually controverted in the particular case before it. When, in determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions. But the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. No stipulation of parties or counsel, whether in the case before the court or in any other case, can enlarge the power, or affect the duty, of the court in this regard.

149 U.S. 308, 314 (1893); <u>accord</u> <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971) ("[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." (citing <u>Local No. 8–6, Oil Chemical and Atomic Workers Int'l Union v. Missouri</u>, 361 U.S. 363, 367 (1960))).

**B**

**Because This Court Has Been Presented With
A Moot Question, This Case Must Be Dismissed**

Here there is no case or controversy. Both parties have neither an interest nor a stake in the outcome, and neither's rights are "actually controverted." No matter what the final ruling on the merits of this case, the Government collects and 3V pays nothing. That fact renders the classification decision a "moot question or an abstract proposition." The parties disagree as to the correct classification of the merchandise; not every disagreement is a federal case.

The only possible interest Plaintiff has is in the effect of a classification determination on future cases.[5] As San Pablo specifically states, federal courts are not empowered to declare rules of law to govern future cases. California v. San Pablo, 149 U.S. at 314. Further, this Court has already held that declaratory relief sought to affect the outcome of future entries is not available for § 1581(a) classification cases. See Outlet Book Co., Inc. v. United States, 14 CIT 458, 465, 743 F. Supp. 881, 888 (1990).

Even if this Court was authorized to issue a declaratory judgment as to classification, Plaintiff's wished for result, aid in the penalty case, would not necessarily be fulfilled. The Supreme Court has held that in customs classification cases a determination of fact or law with respect to one importation is not res judicata as to another importation of the same merchandise by the same parties. See United States v. Stone & Downer Co., 274 U.S. 225, 233-237 (1927); Outlet Book, 14 CIT at 465, 743 F. Supp. at 888.

In the present case, Customs' classification of 3CC/M caused no injury to 3V. The classification applied, cyclic amides, is duty free. The classification 3V alleges should have been used, acyclic amides, is also duty free. There is no live case or controversy to adjudicate, as 3V did not suffer any harm or injury from the classification assessed by Customs.[6]

---

[5]In the Government's brief, it "surmise[d]" that 3V brought this suit to litigate certain issues involved in an administrative penalty action against it. Motion to Dismiss at 1, n.*. Rather than explicitly admitting or denying the government's "surmise" in their response, Plaintiff states that it "may be motivated to address the classification issue" to aid in its penalty case. Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of a Justiciable Controversy ("Plaintiff's Response") at 11.

[6]See e.g., Sneaker Circus, Inc. v. Carter, 566 F.2d 396, 400 n.9 (2d Cir. 1977) (stating, albeit in dicta, that where "a reclassification would have no effect on either the rate or amount of duty payable, no opportunity for challenge exists[,]" and "[i]t follows that there is no access to the . . .

Plaintiff does not claim any injury or monetary harm whatsoever in its Complaint. It only challenges Customs' classification of its product. Nowhere in Plaintiff's brief does 3V discuss or affirmatively argue why this claim presents a case or controversy. 3V appears to disregard these essential constitutional requirements in their entirety, and ignore this fundamental jurisdictional threshold.

Moreover, 3V's Complaint does not comply with the constitutional requirements governing jurisdiction. The prayer for relief merely requests reclassification. "[A] litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow, 464 U.S. at 70 (citing Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 26, 38 (1976)).

No actual injury has been suffered by Plaintiff in this case. No order issued by this Court would change the situation of the parties. Even if 3V were to win on the merits, no relief could be granted because no injury was suffered. This Court is not empowered to issue decisions affecting only future cases, and it has no other choice than to dismiss the action. See Mills v. Green, 159 U.S. 651, 653 (1895).[7]

---

Court."). Even though this decision was based upon the jurisdictional provisions of the Customs Court in 1977, the fact that the Court now possesses increased jurisdiction does not remove the need to determine the existence of an actual controversy in which specific relief could be provided. As the Government notes, "the implication of [the case] remains - there is no specific relief that can be granted where a reclassification would have no affect upon the rate and amount of duties chargeable." Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of a Justiciable Controversy ("Defendant's Reply") at 8.

See also e.g., Shell Oil Co. v. United States, 54 Cust. Ct. 64 (1965); Mexican Petroleum Corp. v. United States, 54 Cust. Ct. 146 (1965); American Bitumuls Co. v. United States, 54 Cust. Ct. 149 (1965) (dismissing protests as moot, holding that premature liquidation of entries subject to a tariff quota, imposing exactly the same duty as would have been imposed if liquidation was timely, presents no justiciable controversy).

[7]Mills states that, "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot

Case law supports this conclusion.[8]  This Court's predecessor, in <u>Simon & Co. v. United States</u>, 55 Cust. Ct. 103, 108 (1965), dismissed a complaint similar to the one at bar.  In that case, the assessed rate and claimed rate were equal.  The Court stated, "Inasmuch as the protest states that claims are made only if the rate is lower than that assessed and as the court could not grant any effectual relief under the claim as to those entries, the protest must be dismissed to that extent."  <u>Id.</u> at 108.

Plaintiff would have this Court read only the first half of that sentence.  Plaintiff claims that in <u>Simon</u>, the dismissal was necessitated solely by the statement in the protest that the classifications were challenged only to the extent they were higher than the claimed rates.  Plaintiff's Response at 9.  However, while the protest did state its challenge narrowly, the Court's statement that it dismissed the

---

questions or abstract propositions, or to declare  principles or rules of law which cannot affect the matter in issue in the case before it.  It necessarily follows that when . . . it [is] impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal."  159 U.S. at 653.

[8]At oral argument, Plaintiff's counsel cited <u>American Hardboard Assn. v. United States</u>, 651 F.Supp. 1441 (1986), as standing for the proposition that misclassification was intrinsically harmful.

<u>American Hardboard</u> stressed the importance of correct classification in holding that the parties cannot limit the tariff sections considered by the Court in classifying merchandise.  In that case the Government had originally classified the merchandise under one section, but then later agreed with the importer that the first classification was erroneous.  The parties still disagreed as to the correct classification.  Both parties moved to dismiss the claim as moot as to the first classification so that in determining the correct tariff provision, the Court could not consider that original classification section. <u>Id</u>. at 1441-1443.  The Court held that the parties could not so limit the Court because correctly classifying merchandise requires the Court to consider all tariff provisions, and not only those put before it by the parties.  <u>Id</u>. at 1445.  The Court said that to allow the parties to put only certain alternatives before the Court would be to allow the parties to force the Court to choose between possibly erroneous classifications.  <u>Id</u>. at 1445.

The importance of correct classification was emphasized by the Court not because misclassification is inherently harmful, but because the Court's role in correctly classifying merchandise must not be impeded by the parties' choices of tariff provisions.

claims because it "could not grant any effectual relief" indicates that this fact, and not the narrow statement of the challenge, was the cause of the dismissal. Simon & Co., 55 Cust. Ct. at 108.

Similarly, the Customs Court ruled in Peters v. United States, 41 Cust. Ct. 195 (1958), that since the final determination on the merits was that the correctly claimed classification duty rate was the same as the erroneously applied duty rate, the complaint had to be dismissed because the Court could not fashion a remedy.[9] As the Court stated, "Plaintiff has a wrong, but has suffered from that wrong no injury which can be reached by our judgment." Id. at 200. Such is the case here for 3V. Whether the classification was correct or erroneous, Plaintiff has suffered no injury for which a remedy can be ordered.

Following the Constitutional jurisprudence and this case law specifically, the Court is unable to grant any relief or provide any redress for 3V's claim in the form of a favorable judicial decision. This inability requires the Court to dismiss on Constitutional grounds, in spite of the specific grant of jurisdiction under 28 U.S.C. 1581(a).

## IV

## CONCLUSION

For a court to exercise jurisdiction, it must satisfy the cases and controversies requirement of the Constitution. One part of that requirement is that the plaintiff has been harmed. 3V claims no harm.

---

[9]In Peters, the Court reached the merits of the case only because three alternative theories were presented by the Plaintiff, and under two of those, a remedy could be fashioned. The Court implied, though specifically declined to state, that had the Defendants moved to sever and dismiss the claim at the same duty rate, it would have so ordered for want of a claim upon which relief could be granted. 41 Cust.Ct. 195, 199 (1958).

Another part of the requirement is that the court have the ability to order effective relief of the plaintiff's harm.  Since 3V claims no harm, this Court can fashion no relief.

With no harm claimed, 3V's claim fails the Constitutional cases and controversies requirement. This Court is therefore unable to exercise its statutory jurisdiction and hereby dismisses this action.

_____

Evan J. Wallach, Judge


Dated:  December 21, 1999
       New York, New York