**Slip Op 04-23**

# UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE: NICHOLAS TSOUCALAS, SENIOR JUDGE**

_____
                                      :

VANDERHOOF SPECIALTY WOOD PRODUCTS, INC., :
                                        :

           Plaintiff,           :

                                          : Court No.

          v.                  : 02-00793

                                          :

UNITED STATES,                     :

                                          :

           Defendant.          :

_____:

The United States moves to dismiss the action brought by plaintiff, Vanderhoof Specialty Wood Products, Inc., pursuant to USCIT R. 12(b)(5) for failure to state a claim upon which relief may be granted. The government argues that there is no justiciable case or controversy in this matter because the merchandise at issue was entered duty free. Vanderhoof opposes the motion and argues that it suffered actual injury since reclassification of the subject entries obligated plaintiff to expend valuable Canadian export permits on such entries.

**Held:** For the reasons stated below, Government's motion to dismiss this case is granted. Case dismissed.

March 11, 2004

<u>Alston & Bird LLP</u> (<u>Paul F. Brinkman</u> and <u>Daniel J. Gerkin</u>) for Vanderhoof Specialty Wood Products, Inc., plaintiff.

<u>Peter D. Keisler</u>, Assistant Attorney General; <u>Barbara S. Williams</u>, Attorney-in-Charge, International Trade Field Office, Civil Division, Commercial Litigation Branch, United States Department of Justice (<u>Aimee Lee</u>) for the United States, defendant.

## <u>MEMORANDUM OPINION</u>

**TSOUCALAS, Senior Judge:** The United States ("the government") moves to dismiss the action brought by plaintiff, Vanderhoof Specialty Wood Products, Inc. ("Vanderhoof"), pursuant to USCIT R.

12(b)(5) for failure to state a claim upon which relief may be granted. The government argues that there is no justiciable case or controversy in this matter because the merchandise at issue was entered duty free. Vanderhoof opposes the motion and argues that it suffered actual injury since reclassification of the subject entries obligated plaintiff to expend valuable Canadian export permits on such entries.

## DISCUSSION

### A. Background

Vanderhoof "remanufactures" value-added softwood lumber products in Vanderhoof, British Columbia, Canada. See Compl. ¶ 9. Vanderhoof "purchases 'trim blocks' or 'mill trim ends' (waste wood) from sawmills in British Columbia, cuts off defects, and joins the blocks to form longer dimensional wood products . . . using a finger-jointing machine. These products are graded, and some are sold as framing lumber (e.g. 'studs')." Id. ¶ 11. Some of these finger-jointed studs were used by Vanderhoof to manufacture Deckmate brand handrails ("handrails" or "subject merchandise") that were imported into the United States. See id. ¶ 12. Vanderhoof entered the handrails under subheading 4409.10.45 of the Harmonized Tariff Schedule of the United States ("claimed provision"). See id. ¶ 14. The United States Bureau of Customs and Border Protection ("Customs") liquidated the subject

merchandise under subheading 4407.10.00 ("assessed provision"). See id. ¶ 15. Both subheadings carry a duty-free rate of importation since all NAFTA-originating wood products are duty free. See Pl.'s Opp'n Def.'s Mot. Dismiss ("Pl.'s Opp'n") at 1. However, Customs' reclassification of the handrails under subheading 4407.10.00 "required Vanderhoof to present valid Canadian export permits for the [subject] merchandise."[1] Id. at 2. As a result, Vanderhoof filed timely protests against the subject entries that were ultimately denied by Customs on August 30, 2002. See Compl. ¶ 4. Subsequently, Vanderhoof filed a complaint with this Court contesting Customs' reclassification of the subject entries and requesting a judgment directing Customs to reliquidate the subject entries under the proposed subheading.

**B.    Contention of the Parties**

The government argues that this action involves a non-justiciable controversy and, accordingly, this case should be dismissed. See Def.'s Mot. Dismiss Lack Justiciable Controversy

---

[1]    Under the Softwood Lumber Agreement between the United States and Canada, items classified under subheading 4407.10.00 are encumbered with a bond requirement mandating Vanderhoof to present a government issued permit within 20 days of entry. See Softwood Lumber Agreement ("SLA"), May 29, 1996, Canada-United States, 35 I.L.M. 1195 (entered into force May 29, 1996); 19 C.F.R. §§ 12.140(a), 113.62(k) (2000). The permit fee may cost a Canadian exporter $50.00 (USD) or $100.00 (USD) per thousand board feet. See id. This requirement is not imposed on Canadian imports classified under 4409.10.45. See 19 C.F.R. § 12.140(a).

("Def.'s Mot.") at 2-4. According to the government, "[e]ven if the Court decides that plaintiff's proposed classification is correct, which is not the case, the Court cannot grant relief to plaintiff" because both the assessed and claimed provisions are duty free. Id. at 2. The government cites a string of cases to support its contention that "where the duty rate under both the assessed and the claimed tariff provisions is the same, the case should be dismissed as moot." Id. at 3. (citing Sneakers Circus, Inc. v. Carter, 566 F.2d 396, 400 n.9 (2d Cir. 1977) (stating, in dicta, that where "a reclassification would have no effect on either the rate or amount of duty payable, no opportunity to challenge exists"); 3V, Inc. v. United States, 23 CIT 1047, 1049, 83 F. Supp. 2d 1351, 1353 (1999) (finding no case or controversy where the claimed an assessed classifications were duty free); Acrilicos v. Regan, 9 CIT 442, 449, 617 F. Supp. 1082, 1088 (1985) (finding that any decision would render an advisory opinion because the amount of duty to be paid by plaintiff is unaffected by the action); Carson M. Simon & Co. v. United States, 55 Cust. Ct. 103, 108, C.D. 2558 (1965) (dismissing claims as to entries that were entered at a rate lower than the claimed rate)).

Vanderhoof argues that Customs' classification does not involve rate of duty, but rather the resulting encumbrance placed on plaintiff pursuant to the Softwood Lumber Agreement. See Pl.'s

Opp'n at 3.  Specifically, plaintiff argues that Customs' reclassification of the subject entries under subheading 4407.10.00 required Vanderhoof to obtain export permits from the Canadian government.  See id. at 2.  To obtain these permits, Vanderhoof paid fees to Canada determined in accordance with the schedule listed under Article II of the Softwood Lumber Agreement.  See id. 2-3; see also SLA, 35 I.L.M. at 1197.  According to Vanderhoof, the injury suffered deals not with the amount of duties assessed pursuant to the reclassification, but rather the surrender of "valuable" export permits to Customs as a result of the reclassification.  See Pl.'s Opp'n at 2-3.  Vanderhoof further argues that this injury can be redressed by a favorable judicial decision because proper classification of the subject merchandise and reliquidation under 4409.10.45 would require Customs to return the permits submitted by plaintiff under protest at the time of entry.  See id. at 3.

## C.   Analysis

Pursuant to Article III of the United States Constitution, federal courts are empowered to decide only those claims that present live cases or controversies.  See Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983) (citing DeFunis v. Odegaard, 416 U.S. 312, 316 (1974)).  In order to satisfy the case or controversy

requirement, "a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." See id. (citation omitted). A claim must be dismissed as non-justiciable if it fails to meet the Article III criteria. See Powell v. McCormack, 395 U.S. 486, 496 n.7 (1969); Liner v. Jafco, Inc., 375 U.S. 301, 306 n.3 (1964). Ultimately, "[t]he duty of this [C]ourt, as of every judicial tribunal, is limited to determining rights of persons or of property, which are actually controverted in the particular case before it." California v. San Pablo & Tulare R.R. Co., 149 U.S. 308, 314 (1893). "Even where a court possesses jurisdiction to hear a claim, it may not do so in cases where the claim . . . is such that the court lacks 'ability to supply relief.'" Adkins v. United States, 68 F.3d 1317, 1322 (Fed. Cir. 1995)(citing Murphy v. United States, 993 F.2d 871, 872 (Fed. Cir. 1993)).

The parties in this case disagree as to the correct classification of the subject merchandise. It is uncontested that no matter the Court's ruling, "the Government collects and [the plaintiff] pays nothing" since all NAFTA-originating wood products are duty free. See 3V, 23 CIT at 1049, 83 F. Supp. 2d at 1353. The crux of plaintiff's argument is that classification under the proposed heading would entitle Vanderhoof to the return of "valuable" export permits currently in Customs' possession. See

Pl'.s Opp'n 2-3.  Plaintiff's complaint, however, makes no mention of such permits.  <u>See</u> Compl.  It is not until plaintiff's opposition papers to the government's motion to dismiss that Vanderhoof claims its injury rests in something other than the assessment of duties and links this case to the Softwood Lumber Agreement.

Even after reading plaintiff's arguments, the Court cannot discern what injury can be redressed by a favorable ruling.  In this case, valid export permits were presented to Customs at importation for the subject entries.  Once such permits were presented, any encumbrance of Vanderhoof's entries were extinguished.  <u>See</u> Def.'s Reply Pl.'s Opp'n Def.'s Mot. Dismiss (Def.'s Reply") at 2.  <u>But see</u> Pl.'s Opp'n at 1 (stating that Customs' classification resulted in "the unlawful encumbrance of Vanderhoof's entries and that the resolution of the classification dispute by this Court and an order directing reliquidation under the claimed tariff provision would, albeit belatedly, remove the encumbrance").  Moreover, plaintiff does not seek a refund for the export permits but rather their return.  <u>See</u> Pl.'s Opp'n at 3.

The Court agrees with the government.  "The matter of permits is wholly peripheral to the issue actually raised by Vanderhoof in its complaint."  Def.'s Reply at 2.  The permits were issued by the Canadian government under the requirements of the U.S.-Canada

Softwood Lumber Agreement and, ultimately, pursuant to 19 C.F.R. § 12.140(a). This agreement expired in 2001 (five years after its effective date) and, accordingly, there no longer exists a permit requirement pursuant to such agreement. See SLA, 35 I.L.M. at 1195; Def.'s Reply at 3; see also 19 C.F.R. § 12.140 (stating that "[t]he requirements set forth in this section are applicable for as long as the Softwood Lumber Agreement . . . remains in effect"). Thus, Vanderhoof would be precluded from using such permits today. Although Vanderhoof has termed these permits "valuable," it has not established what, if any, value such permits possess. Since plaintiff has no "legally cognizable interest" in the outcome of this litigation, Vanderhoof's claims are moot. See PPG Indus., Inc. v. United States, 11 CIT 303, 306, 660 F. Supp. 965, 968 (1987) (quoting Powell, 395 U.S. at 496). Accordingly, this case is dismissed.

## CONCLUSION

Plaintiff's claim fails to meet the Article III criteria. Since the encumbrance on Vanderhoof's entries was extinguished upon presenting Customs with required export permits, and since return of such permits can not meaningfully redress any economic or legal

injury, this case is dismissed.    Judgment will be entered
accordingly.


                                  _____/s/ Nicholas Tsoucalas_____
                                     **NICHOLAS TSOUCALAS**
                                       **SENIOR JUDGE**


Dated:     March 11, 2004
           New York, New York