W. SHARP, J.
Harrison appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800. He argues he was improperly sentenced under Chapters 95-182 and 95-184, which have been held to be unconstitutional. State v. Thompson, 750 So.2d 643 (Fla.1999); Heggs v. State, 759 So.2d 620 (Fla.2000). We affirm.
In order to be entitled to relief, a defendant must allege and show that the crimes for which he was sentenced were committed within the “window” period of unconstitutionality (the time after the effective date of the law and the time the constitutional problem was remedied). In this case, the window period was October 1, 1995 to May 24,1997, for both laws.[1] Harrison committed the crimes for which he was sentenced in this case in November 1995, thus targeting the window period.
However, Harrison is unable to show (beyond bare allegations) that his sentences would have been different had the earlier version of the statutes been in effect. See Parker v. State, 767 So.2d 532 (Fla. 5th DCA 2000). In this case, Harrison was convicted of home invasion robbery while armed,[2] six counts of aggravated assault with a deadly weapon,[3] and one count of shooting at or within a building.[4] The trial court sentenced him to thirty years for the robbery, five years with a three-year minimum mandatory for the aggravated assaults, and ten years on the shooting count, all to run concurrently.
The scoresheet shows the trial judge departed from the guidelines under section 921.001, and imposed a sentence, pursuant to section 775.087(1), Florida Statutes (1995). Section 775.087(1) provides for re-classifications of felonies when a firearm is used, and thus the imposition of a longer sentence.[5] This part of the 1995 statute is the same as the 1993 statute. Thus, Harrison is entitled to no relief.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.

. See Trapp v. State, 760 So.2d 924 (Fla.2000); Salters v. State, 758 So.2d 667 (Fla.2000).

. §§ 812.13(1); 812.135, Fla. Stat. (1995).

. § 784.021(l)(a), Fla. Stat. (1995).

. § 790.19, Fla. Stat. (1995).

. 775.087(1) provides;
Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use,- or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
(b) In the case of a felony of the second degree, to a felony of the first degree.
(c) In the case of a felony of the third degree, to a felony of the second degree.