**Slip Op. 03-18**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: HONORABLE NICHOLAS TSOUCALAS

_____
                                        :
SHINYEI CORPORATION OF AMERICA,         :
                                        :
          Plaintiff,                    :
                                        :
          v.                            :   Court No. 00-00130
                                        :
UNITED STATES, et. al.,                 :
                                        :
          Defendant.                    :
_____:


        Defendant, the United States ("Defendant"), moves to dismiss this action pursuant to USCIT R. 12(b)(1) for lack of subject matter jurisdiction and USCIT R. 12(b)(5) for failure to state a claim on which relief can be granted.  For the reasons stated herein, defendant's motion to dismiss is granted under USCIT R. 12(b)(1) for lack of subject matter jurisdiction.

        **Held:** Defendant's motion to dismiss pursuant to USCIT R. 12(b)(1) is granted.  This case is dismissed.


                                        Dated: February 14, 2003


        Charles H. Bayar, Esq. for Shinyei Corporation of America, plaintiff.

        Robert D. McCallum, Jr., Assistant Attorney General; John J. Mahon, Acting Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (James A. Curley); of counsel: Edward N. Maurer, Office of Assistant Chief Counsel, United States Customs Service, for the United States, defendant.

## OPINION

**TSOUCALAS, Senior Judge:** Defendant, the United States ("Defendant"), moves to dismiss this action pursuant to USCIT R. 12(b)(1) for lack of subject matter jurisdiction and USCIT R. 12(b)(5) for failure to state a claim on which relief can be granted. For the reasons stated herein, Defendant's motion to dismiss is granted under USCIT R. 12(b)(1) for lack of subject matter jurisdiction.

## DISCUSSION

### I. Background

#### A. Procedural Background

Plaintiff Shinyei Corporation of America ("Shinyei"), a United States corporation wholly owned by Shinyei Kaisha Company ("Kaisha"), a Japanese trading company, filed a complaint on March 23, 2000.[1] On September 25, 2002, this Court granted Shinyei's motion for leave of the Court to amend its complaint filed on March

---

[1] In its original complaint, Shinyei sought: (a) a writ of mandamus directing the United States Customs Service ("Customs") to liquidate sixty-three of Shinyei's entries of certain bearings, see Pl.'s Compl. ¶¶ 3(a), 17-26; or (b) to declare certain instructions issued by the United States Department of Commerce, International Trade Administration ("Commerce") in violation of 19 U.S.C. § 1675(a)(2) (1988 & Supp. 1993) and remand this case to Commerce for the purpose of issuing an appropriate set of instructions to Customs with regard to liquidation of sixty-three of Shinyei's entries of certain bearings and re-liquidation of eighteen of Shinyei's entries of certain bearings. See id. ¶¶ 3(b), 27-36; accord Pl.'s Resp. Def.'s Mot. Dismiss ("Pl.'s Resp.") at 4.

23, 2000, in which Shinyei seeks to declare certain instructions issued by the United States Department of Commerce, International Trade Administration ("Commerce") in violation of 19 U.S.C. § 1675(a)(2) (1988 & Supp. 1993) and remand this case to Commerce for the purpose of issuing corrected instructions with regard to liquidation of the forty-two Shinyei entries[2] of certain bearings. See Pl.'s First Am. Compl. ¶¶ 3-4, 14-15, 17-22; accord Pl.'s Resp. Def.'s Mot. Dismiss ("Pl.'s Resp.") at 5-6. Subsequently, Defendant moved on October 8, 2002, to dismiss this case pursuant to USCIT R. 12(b)(1) for lack of subject matter jurisdiction[3] and USCIT R. 12(b)(5) for failure to state a claim on which relief can be granted.[4] See Def.'s Mot. Dismiss ("Def.'s Mot.").

---

[2] The forty-two entries at issue in this case are listed in Pl.'s First Am. Compl. App. A.

[3] On a motion to dismiss pursuant to USCIT R. 12(b)(1) for lack of subject matter jurisdiction,

> the Court considers whether the moving party challenges the sufficiency of the pleadings or the factual basis underlying the pleadings. In the first instance, the Court must accept as true all facts alleged in the non-moving party's pleadings. In the second instance, the Court accepts as true only those facts which are uncontroverted. All other facts are subject to fact finding by the Court.

SSK Indus., Inc. v. United States, 24 CIT ___, ___, 101 F. Supp. 2d 825, 829 n.8 (2000) (citing Power-One Inc. v. United States, 23 CIT 959, 962 n.9, 83 F. Supp. 2d 1300, 1303 n.9 (1999)).

[4] On a motion to dismiss pursuant to USCIT R. 12(b)(5) for failure to state a claim on which relief can be granted, "the court must assume all well-pled factual allegations to be true, and must

(continued...)

## B.    Factual Background

During the period from May 1, 1990, to April 30, 1991, Shinyei imported certain merchandise into the United States.  See Pl.'s Resp. at 1.  The merchandise at issue was purchased by Shinyei from Kaisha which, in turn, purchased the merchandise from six Japanese manufacturers (collectively "Six Manufacturers"), namely, Fujino Iron Works Co., Ltd. ("Fujino"), Nakai Bearing Co., Ltd. ("Nakai"), Nankai Seiko Co., Ltd. ("Nankai"), Inoue Jikuuke Kogyo Co. ("Inoue"), Showa Pillow Block Mfg., Ltd. ("Showa") and Wada Seiko Co., Ltd. ("Wada").  See Pl.'s First Am. Compl. ¶ 5; see also Pl.'s First Am. Compl. App. A.

The merchandise at issue was subject to an antidumping investigation.  See Initiation of Antidumping Duty Investigation; Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From Japan, 53 Fed. Reg. 15,076 (Apr. 27, 1988).  On November 9, 1988, Commerce published its preliminary determination with regards to this investigation instructing the United States Customs Service ("Customs") that: (a) liquidations of the subject merchandise should be suspended; and (b) deposits or bonds should

_____

[4](...continued)
make any inferences in favor of the non-moving party."  United States v. Ferro Union Inc., 2000 Ct. Intl. Trade LEXIS 100, *2, Slip. Op. 00-100 (Aug. 16, 2000) (citing Kemet Elecs. Corp. v. Barshefsky, 21 CIT 912, 929, 976 F. Supp. 1012, 1027 (1997) (quoting in turn Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).

be required at a certain rate for future entries from all non-investigated manufacturers, producers and exporters, including the Six Manufacturers.  See Preliminary Determinations of Sales at Less Than Fair Value: Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From Japan, 53 Fed. Reg. 45,343; see also Pl.'s First Am. Compl. ¶ 6.  This deposit and bond rate was corrected by Commerce in the final determination.  See Final Determinations of Sales at Less Than Fair Value; Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From Japan ("Determination"), 54 Fed. Reg. 19,101 (May 3, 1989); see also Pl.'s First Am. Compl. ¶ 6.  On the basis of this Determination, Commerce published an antidumping duty order.  See Antidumping Duty Orders: Ball Bearings, Cylindrical Roller Bearings, and Spherical Plain Bearings, and Parts Thereof From Japan, 54 Fed. Reg. 20,904 (May 15, 1989); see also Pl.'s First Am. Compl. ¶ 6.

During the second review ("POR")[5], Shinyei deposited estimated antidumping duties on the entries at issue.  See Pl.'s First Am. Compl. ¶ 7; see also Pl.'s Resp. at 2.  On June 24, 1992, Commerce published the final results of the second review in which Commerce

_____

[5] The period of review covers May 1, 1990, through April 30, 1991.  See Final Results of Antidumping Duty Administrative Reviews of Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France; et. al. ("Final Results"), 57 Fed. Reg. 28,360 (June 24, 1992).

established specific antidumping duty deposit rates for the merchandise manufactured by the Six Manufacturers. See Final Results of Antidumping Duty Administrative Reviews of Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France; et. al. ("Final Results"), 57 Fed. Reg. 28,360; see also Pl.'s First Am. Compl. ¶ 8. Consequently, Commerce issued an instruction ordering Customs to liquidate all merchandise of the type at issue that was imported from Japan during the POR (except for the products of certain manufacturers) at the rate designated in the Determination. See Pl.'s First Am. Compl. ¶ 9. The list of manufacturers excepted from the instructions included the Six Manufacturers. See id. Moreover, on February 23, 1998, Commerce published the amended final results. See Amended Final Results of Antidumping Duty Administrative Reviews of Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, et. al. ("Amended Final Results"), 63 Fed. Reg. 8908.

On "October 22, 1998, Commerce issued final amended instructions to Customs regarding the liquidation of all [second] [r]eview entries of [the merchandise at issue] from Japan produced by" Nankai. Pl.'s Resp. at 2. On "June 26, 1998, Commerce issued instructions to Customs regarding the liquidation of all [second] [r]eview entries of [the merchandise at issue] from Japan produced

by" Fujino.[6]  Id. at 3.

Shinyei commenced this case by filing a complaint on March 23, 2000.  Shinyei "did not seek, and the Court did not issue, any injunction to suspend liquidation of the [e]ntries [at issue] pending its final decision."  Id. at 5.  On August 1, 2000, Commerce issued "a 'clean-up' instruction to Customs to liquidate 'as entered' all [second] [r]eview [p]eriod entries of [the merchandise at issue] from Japan that had not been liquidated under previously-issued instructions."  Id.  The liquidation of the entries at issue, see Pl.'s First Am. Compl. App. A, occurred "between September 8, 2000, and February 9, 2001 (all but two of the [e]ntries were liquidated before December 15, 2000)."  Id.

On September 25, 2002, this Court granted Shinyei's motion for leave of the Court to amend its complaint filed on March 23, 2000, in which Shinyei limited its claim to Commerce error[7] stating in

---

[6] Commerce also issued instructions regarding the liquidation of the second review entries of the merchandise at issue from Japan produced by the other four of the Six Manufacturers.  See Pl.'s First Am. Compl. ¶¶ 9-14.  However, Shinyei states that the instructions regarding the other four of the Six Manufacturers "are no longer in issue in this civil action."  Pl.'s Resp. at 4.

[7] In its response brief, Shinyei points out that "[a]fter Customs posted bulletin notices of the [liquidations of the entries at issue], [Shinyei] filed protests against them on the ground that they reflected a different form of Customs Error, i.e., Customs' failure to liquidate the [e]ntries [at issue] under the [Nankai], [Fujino] and [o]ther instructions [that is, the instructions regarding the other four of the Six Manufacturers]."  Pl.'s Resp.

(continued...)

pertinent part:

> In this civil action, [Shinyei] claims generally that
> Commerce issued certain liquidation instructions to
> Customs to implement the results of an antidumping
> administrative review.  In violation of 19 U.S.C. §
> 1675(a)(2)[], these instructions did not permit the
> review results to be the basis for assessments of
> antidumping duty on entries for which [Shinyei] was the
> importer of record. As a consequence, Customs liquidated
> the [e]ntries [at issue] under other, inapplicable
> instructions resulting in substantial and erroneous
> assessments of excessive antidumping duty on the
> [e]ntries [at issue], as well as the attendant denial of
> interest on excess deposits of antidumping duty that
> should have been refunded.[8]

[7](...continued)
at 6.  Shinyei states that "[Shinyei] is pursuing these protests
strictly to preserve its rights in case it should ultimately be
decided that the . . . liquidations [at issue] reflect Customs
Error rather than Commerce Error." Id. at n.4.

[8]   In its civil action, Shinyei contests two instructions,
namely, the Nankai and Fujino instructions. See Shinyei's Resp. at
2-3 (citing Pl.'s First Am. Compl. ¶¶ 14-15).  With respect to the
first instruction at issue, Shinyei argues that

> [on] October 22, 1998, Commerce issued final amended
> instructions to Customs regarding liquidation of all
> [second] [r]eview entries of ball bearings from Japan
> produced by [Nankai]. . . .   In the [Nankai]
> Instructions, Commerce instructed Customs to liquidate
> all entries of such ball bearings that were 'exported by,
> imported by, or sold to,' certain parties, including
> certain of the [United States] [c]ustomers, at specific
> assessment rates, with interest to be paid on
> overpayments and assessed on underpayments of antidumping
> duty as provided by law.  Commerce, however, did not
> state in the [Nankai] instructions or otherwise advise
> Customs that [Shinyei] was the importer of the ball
> bearings sold to the [United States] [c]ustomers, or that
> [Kaisha] was an intermediary in the sales to the [United
> States] [c]ustomers. . . .   The [Nankai] instructions
> stated that they constituted the immediate lifting of
> suspension of liquidation of entries of the merchandise

(continued...)

Pl.'s Resp. at 6 (quoting Pl.'s First Am. Compl. ¶ 3).

Subsequently, Defendant, on October 8, 2002, moved to dismiss this case pursuant to USCIT R. 12(b)(1) for lack of subject matter jurisdiction and USCIT R. 12(b)(5) for failure to state a claim on which relief can be granted.  <u>See</u> Def.'s Mot.  On November 20, 2002, a conference was held in Chambers.  A hearing on Defendant's

---

[8](...continued)
described therein, and that they were not to be disclosed to the public.

Pl.'s Resp. at 2-3 (citing Pl.'s First Am. Compl. ¶ 14).

Moreover, with respect to the second instruction at issue, Shinyei argues that

[on] June 26, 1998, Commerce issued instructions to Customs regarding the liquidation of all [second] [r]eview entries of ball bearings from Japan produced by [Fujino]. . . .  In the [Fujino] instructions, [Commerce] instructed  Customs to liquidate all [second] [r]eview entries of ball bearings from Japan produced by [Fujino] and 'exported by, imported by, or sold to,' certain parties, including one of the [United States] [c]ustomers, at specific assessment rates, with interest to be paid on overpayments and assessed on underpayments of antidumping duty as provided by law.  Commerce, however, omitted from the [Fujino] Instructions specific assessment rates that it had calculated in the [second] [r]eview for five other [United States] [c]ustomers. Moreover, Commerce did not state in the [Fujino] Instructions or otherwise advise Customs that [Shinyei] was the importer of the ball bearings sold to the [United States] [c]ustomers, or that [Kaisha] was an intermediary in the sales to the [United States] [c]ustomers. . . . The [Fujino] instructions stated that they constituted the immediate lifting of suspension of liquidation of entries of the merchandise described therein, and that they were not to be disclosed to the public.

Pl.'s Resp. at 3 (citing Pl.'s First Am. Compl. ¶ 15).

motion to dismiss was held before this Court on January 6, 2003.

## II. Contentions of the Parties

### A. Defendant's Contentions

Defendant contends, pursuant to USCIT R. 12(b)(1), that this Court lacks jurisdiction under 28 U.S.C. § 1581(i) (2000) over this case because Shinyei's claim and the relief requested became moot as a result of Customs' liquidation of the entries at issue.[9] See Def.'s Mot. at 3-4; see also Def.'s Reply Br. Supp. Mot. Dismiss ("Def.'s Reply") at 1-8. In particular, Defendant points out that the Court in Chr. Bjelland Seafoods A/S v. United States, 19 CIT 35 (1995), held that "'if liquidation occurs prior to completion of judicial review[,] . . . any outstanding challenges to the . . . determination are rendered moot as to the liquidated entries.'" Def.'s Mot. at 4 (quoting Chr. Bjelland, 19 CIT at 51); see Def.'s Reply at 3. Defendant maintains that although Chr.

---

[9] Defendant points out that when Shinyei commenced this case by filing a complaint on March 23, 2000, "Shinyei did not request, and the Court did not grant, an injunction that would have continued suspension of liquidation by directing Customs not to liquidate the entries in issue." Def.'s Reply at 3; see also Def.'s Reply at 2 (quoting 19 U.S.C. § 1516a(c)(1) (1988 & Supp. 1993) ("'Unless such liquidation is enjoined by the court . . . entries of merchandise of the character covered by a determination of the . . . administering authority . . . shall be liquidated in accordance with the determination . . . .'"). Defendant further states that "[a]ccordingly, Commerce instructed Customs to liquidate the entries in issue with assessment of antidumping duties, and Customs in turn, liquidated the entries." Def.'s Reply at 2.

Bjelland, 19 CIT 35, was a case in which judicial review was sought under 28 U.S.C. § 1581(c) (2000), "liquidation of the entries prevents the Court from assuming jurisdiction, or maintaining jurisdiction, under [28 U.S.C.] § 1581(c) or (i)." Def.'s Reply at 3.

Moreover, Defendant points out in Mitsubishi Elec. Am., Inc. v. United States, 18 CIT 167, 180, 848 F. Supp. 193, 203 (1994), aff'd on other grounds, 44 F.3d 973 (Fed. Cir. 1994), the Court held:

> Plaintiff's failure to seek injunctive relief against liquidation before commencing this action also precludes this Court from exercising jurisdiction under 28 U.S.C. § 1581(i). . . . [B]ecause an injunction would prevent Customs from liquidating plaintiff's entries and thereby ensure a party would be able to benefit from judicial review of its challenge to the regulation, such relief would seem appropriate. Cf. Zenith [Radio Corp. v. United States], . . . 710 F.2d [806,] 810 [Fed. Cir. 1983] (A party who wishes to challenge a [19 U.S.C. § 1675] determination will suffer irreparable harm if Customs liquidates their entries before the party obtains judicial review because "[t]he statutory scheme has no provision permitting re-liquidation" and, therefore, renders the court "powerless to grant the only effective remedy response" to the party's challenge.). Yet, as the Zenith court noted with respect to liquidations following administrative reviews, "[t]he statutory scheme has no provision permitting re-liquidation" and "once liquidation occurs, a subsequent decision by the trial court on the merits . . . can have no effect on the dumping duties assessed on [subject] entries." Id. . . . 710 F.2d at 810. In this case, Customs liquidation precludes the Court from granting plaintiff the relief it now seeks. Accordingly, the Court concludes it is unable to exercise jurisdiction over this action under [28 U.S.C.] § 1581(i).

Id. at 5-6 (quoting Mitsubishi, 18 CIT at 180, 848 F. Supp. at 203)

(emphasis omitted). Defendant maintains that Shinyei is analogous to the plaintiff in <u>Mitsubishi</u>, 18 CIT at 180, 848 F. Supp. at 203, in that this Court lacks jurisdiction under 28 U.S.C. § 1581(i) to grant Shinyei's relief (that is, "'reliquidation of the [e]ntries [at issue] in accordance with corrected [Nankai] and [Fujino] instructions'"). Def.'s Reply at 7 (quoting Pl.'s Resp. at 17). Defendant, therefore, asserts that because this case is moot, the Court lacks subject matter jurisdiction since there "no longer exists a case or controversy." Def.'s Mot. at 4.

In the alternative, Defendant argues that pursuant to 19 U.S.C. § 1504(d) (1994) (sic),[10] Shinyei's entries at issue were deemed liquidated and as a result, Shinyei's "claim and relief requested are moot, and Shinyei . . ., moreover, has failed to state a claim on which relief can be granted." Def.'s Mot. at 4-5;

---

[10] The corrected version of 19 U.S.C. § 1504(d) that Defendant relies on is 19 U.S.C. § 1504(d) (1988 & Supp. 1993). <u>See</u> Def.'s Mot. Correct Error Mot. Dismiss.

Section 1504(d) provides:

> When a suspension required by statute or court order is removed, [Customs] shall liquidate the entry within 6 months after receiving notice of the removal from [Commerce] . . . or a court with jurisdiction over the entry. Any entry not liquidated by [Customs] within 6 months after receiving such notice shall be treated as having been liquidated at the rate of duty, value, quantity, and amount of duty asserted at the time of entry by the importer of record.

19 U.S.C. § 1504(d).

see also Def.'s Reply at 8-13.  In particular, Defendant asserts

that:

> Commerce sent Customs various liquidation instructions
> (see [Pl.'s First] Am. Compl. ¶¶ 9-15), which informed
> Customs that suspension of liquidation was lifted.  The
> last instruction [was] sent in October 1998. . . .  The
> subject entries listed in [Pl.'s First Am. Compl. App. A]
> were liquidated between May 1999 and February 2001.  None
> of the entries, therefore, was liquidated within six
> months after the last instruction was sent on October
> 1998, i.e., by April 30, 1999.  The subject entries,
> therefore, were deemed liquidated under [19 U.S.C.] §
> 1504(d) . . . at the cash deposit rate.
>
> Because the subject entries have been liquidated,
> Shinyei's . . . claims that the liquidation instructions
> were unlawful, and that the matter should be remanded to
> Commerce, are moot, nonjusticiable, and should be
> dismissed.

Def.'s Mot. at 5-6.


### B.   Shinyei's Contentions

Shinyei responds that this Court possesses jurisdiction over

this case pursuant to 28 U.S.C. § 1581(i)(4) because Customs'

liquidation of the entries at issue "do not preclude reliquidations

of the entries in accordance with corrected [Nankai] and [Fujino]

instructions."  Pl.'s Resp. at 14.  In particular, Shinyei argues

that: (1) the case at bar is distinct from Chr. Bjelland, 19 CIT

35, because "[Chr.] Bjelland, [19 CIT 35] [was] a [19 U.S.C. §]

1516a/[28 U.S.C. §] 1581(c) case contesting a Commerce antidumping

review determination and other antidumping and countervailing duty

determinations[,]" Pl.'s Resp. at 15, whereas, in this case,

Shinyei "has brought an [Administrative Procedure Act] APA[11]/ 1581(i) case to enforce [the second] review results by contesting a subsequent Commerce decision, i.e., the [Nankai] and [Fujino] Instructions[,]" id. (emphasis omitted); and (2) "§ 1516a injunction provisions apply only in a 1516a/1581(c) case, and cannot be engrafted by implication onto an . . . 1581(i) case."[12]

_____

[11] The Court notes that

> [t]he Supreme Court has held that "the APA does not afford an implied grant of subject matter jurisdiction permitting federal judicial review of an agency action." Califano v. Sanders, 430 U.S. 99, 107 . . . (1977). More specifically, in Califano the Supreme Court observed that while 5 U.S.C. § 702 sets forth that affected persons have a right to review of agency action, "[5 U.S.C.] § 703 suggest that this language was not intended as an independent jurisdictional foundation, since such judicial review is to proceed 'in a court specified by statute' or 'in a court of competent jurisdiction.'" Id. at 106, n.6. . . . See also American Air Parcel Forwarding Co., Ltd. v. United States, . . . 718 F.2d 1546, 1552 ([Fed. Cir.] 1983) ("[c]lear precedent exists that the APA is not a jurisdictional statute and does not confer jurisdiction on a court not already possessing it.").

United States v. Shabahang Persian Carpets, Ltd., 22 CIT 1028, 1032-33, 27 F. Supp. 2d 229, 233-34 (1998).

[12] In its response brief, Shinyei relies inter alia on Krupp Stahl AG v. United States, 4 CIT 244, 553 F. Supp. 394 (1982) to support its proposition that "'the Court is empowered to offer complete relief in all actions within its jurisdiction[.]'" Pl.'s Resp. at 16 (quoting Krupp Stahl, 4 CIT at 247, 553 F. Supp. at 396. Moreover, Shinyei asserts that "[t]he Court may wish to take this occasion to crystallize the principle that judicial review of agency action . . . brought before this Court under 28 U.S.C. § 1581(i), is not to be encumbered by the requirements and procedures of inapplicable special statutory review proceedings." Pl.'s Resp. at 17 (citing United States Cane Sugar Refiners' Ass'n v. Block, 3

(continued...)

Id. at 17.

Shinyei also argues that "deemed liquidations do not preclude reliquidations of the entries [at issue] in accordance with corrected [Nankai] and [Fujino] instructions."[13] Pl.'s Resp. at 17. Specifically, Shinyei asserts that: (1) "an 'as entered' deemed liquidation favorable to the importer is immediately and substantively final and conclusive against the Government[,]" id. at 20, whereas, "an 'as entered' deemed liquidation adverse to the importer is not immediately and substantively final and conclusive against the importer, but may be contested on the merits[,]"[14] id. (citing Detroit Zoological Soc'y v. United States, 10 CIT 133, 630 F. Supp. 1350 (1986)); (2) Customs has not posted "bulletin notices [of the deemed liquidations] . . . and so [Shinyei's] time limit to

---

[12](...continued)
CIT 196, 200-01, 544 F. Supp. 883, 886 (1982)).

[13] Shinyei maintains that "[t]he linchpin of [Shinyei's] claim is that the [Nankai] and [Fujino] Instructions unlawfully did not describe the [e]ntries [at issue], and thereby did not inform Customs that suspension of their liquidation was lifted under Commerce's and Customs' view of the law at the time." Pl.'s Resp. at 18 n.24 (emphasis omitted).

[14] Defendant argues that "[s]ection 1504(d) draws no distinction between a deemed liquidation that is favorable to the importer, and one that is adverse to the importer. . . . 'The purpose of section 1504 was to bring finality to the duty assessment process.'" Def.'s Reply at 9-10 (quoting United States v. Cherry Hill Textiles, Inc., 112 F.3d 1550, 1559 (Fed. Cir. 1997)). Moreover, Defendant maintains that "Shinyei's argument is misplaced because Shinyei now is contesting the deemed liquidation on the merits before this Court." Def.'s Reply at 10.

protest the [d]eemed [l]iquidations never expired[,]"[15] Pl.'s Resp.
at 21; (3) "two relatively recent decisions of the [Court of
Appeals for the] Federal Circuit . . . held that Federal Register
publication of a final Commerce antidumping review result serves
both to remove suspension of liquidation of the subject entries and
provide notice to Customs of such removal, thereby triggering the
six-month period at the end of which the subject entries will be
deemed liquidated under 19 U.S.C. § 1504(d)[,]" id. at 18 n.24
(citing International Trading Co. v. United States, 281 F.3d 1268
(Fed. Cir. 2002) and Fujitsu Gen. Am., Inc. v. United States, 283
F.3d 1364 (Fed. Cir. 2002));[16] and (4) the Court will be faced with

_____

[15] Defendant responds to Shinyei's argument regarding Customs'
failure to post a bulletin notice of liquidation by stating:

> There is no statutory requirement that this case be
> remanded to Customs so that Customs can post a bulletin
> notice of liquidation, and Shinyei can protest the deemed
> liquidation. While 19 U.S.C. § 1500(e) [(1988 & Supp.
> 1993)] requires Customs to give notice of liquidation,
> [19 U.S.C.] § 1504(a) provides that "notwithstanding
> section 1500(e) of this title, notice of liquidation need
> not be given of an entry deemed liquidated."

Def.'s Reply at 10-11.

[16] Shinyei asserts that on "February 23, 1998[,] Commerce
publishe[d] notice of final court decision and amended final
results of the [second] [r]eview. . . . [P]er March 2002 decisions
by the [CAFC] in International Trading Co.[, 281 F. 3d 1268] and
Fujitsu Gen. Am.[, 283 F.3d 1364], this notice remove[d] suspension
of liquidation of the subject entries and provide[d] Customs with
notice of such removal." Pl.'s Oral Argument Time Line & Arg.
Chart #1. "Accordingly[,] [on] August 23, 1998[,] . . . [t]he
subject entries [were] 'deemed liquidated' under 19 U.S.C. §
1504(d) with ADD as deposited [at] 45.83% ad. val." Id. Shinyei
(continued...)

a large volume of litigation if Defendant's motion to dismiss is granted. See Pl.'s Resp. at 22-23.

## III. Analysis

The pertinent issue before this Court is whether the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1581(i).[17] Defendant and Shinyei agree that jurisdiction is sought

_____

[16](...continued)
further asserts that: (1) "[d]eemed liquidations under [19 U.S.C.] § 1504 are subject to importer's undiminished right of post-liquidation protest under [19 U.S.C.] § 1514(a) [1988 & Supp. 1993][,]" id.; (2) "[t]he deemed liquidations would become final and conclusive against Shinyei under [19 U.S.C.] § 1514(a) if Shinyei did not timely protest Customs' deemed decision to assess ADD on the subject entries as deposited [at] 45.83% ad val. rather than in accordance with the final court decision and final amended [second] [r]eview results[,]" id.; (3) "Shinyei's time to protest the deemed liquidations expired either within 90 days after the deemed liquidations were effected, or within 90 days after Customs posted bulletin notices of the deemed liquidations, whichever occurred last[,]" id. (citing 19 C.F.R. § 159.9(c)(2)(iii) (1993)); (4) "[n]otwithstanding the [19 U.S.C.] § 1504(a) statutory exemption, . . . Customs [r]egulation [that is, 19 C.F.R. § 159.9(c)(2)(iii)] is mandatory and binds Customs and this Court[,]" Pl.'s Oral Argument Time Line & Arg. Chart #1; and (5) "[b]ecause Customs never posted bulletin notices of the deemed liquidations, Shinyei's time to protest the deemed liquidations never expired, and so the deemed liquidations never became final and conclusive against Shinyei under [19 U.S.C.] § 1514(a)." Id. Shinyei, therefore maintains that "the deemed liquidations of the subject entries do not preclude this Court's remedies and do not render this case moot." Id.; see also id. at Charts 2-4.

[17] In pertinent part, 28 U.S.C. § 1581(i) provides:

In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)-(h) of [§ 1581,] . . . the Court of International Trade shall have

(continued...)

under 28 U.S.C. § 1581(i), the Court's residual jurisdiction provision. <u>See</u> Pl.'s First Am. Compl. ¶ 4; Pl.'s Resp. at 7; Def.'s Mot. at 2. However, Defendant argues that this Court lacks jurisdiction under 28 U.S.C. § 1581(i) over this case because Shinyei's claim and the relief requested became moot as a result of Customs' liquidation of the entries at issue. <u>See</u> Def.'s Mot. at 3-4; Def.'s Reply at 1-8.

As a preliminary matter, it is incumbent upon the Court to independently assess the jurisdictional basis for a case, <u>see</u> <u>Ad Hoc Comm. of Fla. Producers of Gray Portland Cement v. United States</u>, 22 CIT 902, 906, 25 F. Supp. 2d 352, 357 (1998), a principal that is especially true where a party seeks to invoke the court's residual jurisdiction authority. And, "[i]t is well established that the residual jurisdiction of the court under subsection 1581(i) 'may not be invoked when jurisdiction under another subsection of § 1581 <u>is or could have been available</u>, unless the relief provided under that other subsection would be

---

[17](...continued)
exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for--
 . . .

 (4) administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of [§ 1581(i)] and subsections (a)-(h) of [§ 1581].

manifestly inadequate.'" Id. (citing Norcal/Crosetti Foods, Inc. v. United States, 963 F.2d 356, 359 (Fed. Cir. 1992) (emphasis in original)).

Although jurisdiction over this case is properly sought under 28 U.S.C. § 1581(i), the Court finds that Shinyei's claim and the relief requested became moot as a result of Customs' liquidation of the entries at issue. See Warner-Lambert Co. v. United States, 2000 Ct. Intl. Trade LEXIS 35, *9, Slip. Op. 00-34 (April 4, 2000) (citation omitted) ("matters that are moot do not entail any live case or controversy within the meaning of Article III of the [United States] Constitution, leaving federal courts organized thereunder with no authority to act in regard thereto); 3V, Inc. v. United States, 23 CIT 1047, 1049, 83 F. Supp. 2d 1351, 1353 (1999) (citations omitted) ("[i]f a claim fails the Article III criteria, the Court must dismiss the claim as non-justiciable regardless of a statutory grant of jurisdiction").

In the case at bar, Shinyei commenced this case by filing a complaint on March 23, 2000. Shinyei "did not seek, and the Court did not issue, any injunction to suspend liquidation of the [e]ntries [at issue] pending its final decision." Pl.'s Resp. at 5. Subsequently, on August 1, 2000, Commerce issued "a 'clean-up' instruction to Customs to liquidate 'as entered' all [second] [r]eview [p]eriod entries of [the merchandise at issue] from Japan

that had not been liquidated under previously-issued instructions."
Id.  The liquidation of the entries at issue, see Pl.'s First Am.
Compl. App. A, occurred "between September 8, 2000, and February 9,
2001 (all but two of the [e]ntries were liquidated before December
15, 2000)."  Pl.'s Resp. at 5.  On September 25, 2002, this Court
granted Shinyei's motion for leave of the Court to amend its
complaint filed on March 23, 2000, in which Shinyei limited its
claim to Commerce error stating in pertinent part:

> Commerce issued certain liquidation instructions [that
> is, inter alia, Nankai and Fujino instructions] to
> Customs to implement the results of an antidumping
> administrative review.  In violation of 19 U.S.C. §
> 1675(a)(2)[], [the Nankai and Fujino] instructions did
> not permit the review results to be the basis for
> assessments of antidumping duty on entries for which
> [Shinyei] was the importer of record.  As a consequence,
> Customs liquidated the [e]ntries [at issue] under other,
> inapplicable instructions [that is, Nankai and Fujino
> instructions] resulting in substantial and erroneous
> assessments of excessive antidumping duty on the
> [e]ntries [at issue], as well as the attendant denial of
> interest on excess deposits of antidumping duty that
> should have been refunded.

Id. at 6 (quoting Pl.'s First Am. Compl. ¶ 3).


In Chr. Bjelland, the Court determined that:

> liquidation renders moot any pending court challenge to
> the underlying agency determinations regarding those
> entries, for the statutory scheme does not authorize this
> court to order a reliquidation of entries once they are
> liquidated in accordance with either an outstanding AD or
> CVD order, or the final results of an administrative
> review of such order. [See] Zenith Radio Corp., . . . 710
> F.2d at 810; Ceramica Regiomontana, S.A. v. United
> States, 7 CIT 390, 396, 590 F. Supp. 1260, 1265 (1984).

Consequently, if liquidation occurs prior to the completion of judicial review of an AD or CVD determination, and duties are assessed pursuant to either the original order or the final results of an administrative review of such order, any outstanding challenges to the AD or CVD determination are rendered moot as to the liquidated entries because such entries are no longer amenable to the reach of this court. Furthermore, if the final results of an administrative review of an AD or CVD order are published, any outstanding challenges to Commerce's underlying AD or CVD determination are similarly rendered moot as to subsequent entries of the subject merchandise, because estimated duties are to be assessed on such entries in accordance with the final results of the administrative review and not Commerce's original AD or CVD order. See, e.g., PPG Indus., Inc. v. United States, 11 CIT 303, 309, 660 F. Supp. 965, 970 (1987); Silver Reed Am., Inc. v. United States, 9 CIT 221, 224 (1985).

19 CIT at 51-52. Although the Court agrees with Shinyei's

assertion that the Chr. Bjelland case was a 19 U.S.C. § 1516a[18]/28

_____

[18] Section 1516a(c)(1) of Title 19 states:

Unless such liquidation is enjoined by the court under [19 U.S.C. § 1516a(c)] (2) . . ., entries of merchandise of the character covered by a determination of the . . . administering authority . . . shall be liquidated in accordance with the determination . . . .

Section 1516a(c)(2) of Title 19 provides:

In the case of a determination described in [19 U.S.C. § 1516a(a)] (2) . . . , the United States Court of International Trade may enjoin the liquidation of some or all entries of merchandise covered by a determination of the . . . administering authority . . . upon a request by an interested party for such relief and a proper showing that the requested relief should be granted under the circumstances.

U.S.C. § 1581(c)[19] case, the Court finds that once entries are liquidated, this Court lacks subject matter jurisdiction regardless of whether jurisdiction is sought under 28 U.S.C. § 1581(c) or 28 U.S.C. § 1581(i).  See Mitsubishi Elec. Am., 18 CIT at 180, 848 F. Supp. at 203.[20]

---

[19]  Section 1581(c) provides that "[t]he Court of International Trade shall have exclusive jurisdiction of any civil action commenced under section 516A of the Tariff Act of 1930."

[20]   In Mitsubishi Elec. Am., the Court stated in pertinent part:

> Plaintiff's failure to seek injunctive relief against liquidation before commencing this action also precludes this Court from exercising jurisdiction under 28 U.S.C. § 1581(i). . . .  [B]ecause an injunction would prevent Customs from liquidating plaintiff's entries and thereby ensure a party would be able to benefit from judicial review of its challenge to the regulation, such relief would seem appropriate.  Cf. Zenith, . . . 710 F.2d at 810 (A party who wishes to challenge a [19 U.S.C. § 1675] determination will suffer irreparable harm if Customs liquidates their entries before the party obtains judicial review because "[t]he statutory scheme has no provision permitting re-liquidation" and, therefore, renders the court "powerless to grant the only effective remedy response" to the party's challenge.).  Yet, as the Zenith court noted with respect to liquidations following administrative reviews, "[t]he statutory scheme has no provision permitting re-liquidation" and "once liquidation occurs, a subsequent decision by the trial court on the merits . . . can have no effect on the dumping duties assessed on [subject] entries."  Id. . . . 710 F.2d at 810.  In this case, Customs liquidation precludes the Court from granting plaintiff the relief it now seeks. Accordingly, the Court concludes it is unable to exercise jurisdiction over this action under § 1581(i).

18 CIT at 180, 848 F. Supp. at 203 (emphasis supplied).

Moreover, the Court disagrees with Shinyei's assertion that 19 U.S.C. § 1516a injunction provisions apply only in a 19 U.S.C. § 1516a/28 U.S.C. § 1581(c) case, and cannot be engrafted by implication onto a 28 U.S.C. § 1581(i) case. See Wear Me Apparel Corp. v. United States, 1 CIT 194, 196, 511 F. Supp. 814 (1981).[21] To hold otherwise would create a floodgate of litigation by allowing parties, such as Shinyei, who sleep on their rights and permit liquidation to occur, to use 28 U.S.C. § 1581(i) jurisdiction to subsequently revive claims that are otherwise moot.

Accordingly, Defendant's motion to dismiss this action pursuant to USCIT R. 12(b)(1) for lack of subject matter jurisdiction is granted.[22]

---

[21]  In Wear Me Apparel Corp. v. United States, the Court stated in pertinent part that:

> section 1581(i) does not require the filing or denial of a protest as a prerequisite for the exercise of jurisdiction by this court. . . .
>
> This does not mean, however, that by invoking the jurisdiction of the court under section 1581(i) the mandate of section 1581(a) requiring the exhaustion of administrative remedies, i.e., the filing and denial of a protest, may thereby be dispensed with.

1 CIT at 196, 511 F. Supp. at 817.

[22]  The Court does not reach the issue of "deemed liquidations" of the entries at issue since both Defendant and Shinyei agree that the entries at issue were in fact liquidated. See Pl.'s Resp. at 5; Def.'s Mot. at 2, 6.

## IV. Conclusion

Based on the foregoing, Defendant's motion to dismiss is granted.

_____
NICHOLAS TSOUCALAS
SENIOR JUDGE

DATED:    February 14, 2003
          New York, New York