SLIP OP. 03-99

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: RICHARD K. EATON, JUDGE

_____

|  |  |
|---|---|
| FUYAO GLASS INDUSTRY GROUP CO., LTD., GREENVILLE GLASS INDUSTRIES, INC., SHENZHEN BENXUN AUTOMOTIVE GLASS CO., LTD., TCG INTERNATIONAL, INC., CHANGCHUN PILKINGTON SAFETY GLASS CO., LTD., GUILIN PILKINGTON SAFETY GLASS CO., LTD., WUHAN YAOHUA PILKINGTON SAFETY GLASS CO., LTD., AND XINYI AUTOMOTIVE GLASS (SHENZHEN) CO., LTD., | : |
| PLAINTIFFS, | : |
| V. | : CONSOL. COURT NO. 02-00282 |
| UNITED STATES, | : |
| DEFENDANT, | : |
| AND | : |
| PPG INDUSTRIES, INC., SAFELITE GLASS CORPORATION, AND VIRACON/CURVLITE, A SUBSIDIARY OF APOGEE ENTERPRISES, INC., | : |
| DEF.-INTERVENORS. | : |

_____

[Xinyi Automotive Glass (Shenzen) Co., Ltd.'s motion for preliminary injunction denied.]

Decided: July 31, 2003

*Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt, LLP* (*Bruce M. Mitchell* and *Jeffrey S. Grimson*), for plaintiffs Fuyao Glass Industry Group Co., Ltd., and Greenville Glass Industries, Inc.

*Garvey, Schubert & Barer* (*William E. Perry* and *John C. Kalitka*), for plaintiffs

Shenzhen Benxun Automotive Glass Co., Ltd., and TCG International, Inc.

     *Pepper Hamilton, LLP* (*Gregory C. Dorris*), for plaintiffs Changchun Pilkington Safety Glass Co., Ltd., Guilin Pilkington Safety Glass Co., Ltd., and Wuhan Yaohua Pilkington Safety Glass Co., Ltd.

     *White & Case* (*William J. Clinton* and *Adams C. Lee*), for plaintiff Xinyi Automotive Glass (Shenzen) Co., Ltd.

     *Peter D. Keisler*, Assistant Attorney General, Civil Division, United States Department of Justice; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*A. David Lafer*), for defendant United States.

     *Stewart & Stewart* (*Terence P. Stewart*, *Alan M. Dunn*, and *Eric P. Salonen*), for defendant-intervenors PPG Industries, Inc., Safelite Glass Corporation, and Viracon/Curvlite, a subsidiary of Apogee Enterprises, Inc.


OPINION

EATON, *JUDGE*:  This motion shares some of the issues and facts with the motion for a preliminary injunction made by Fuyao Glass Industry Group Co., Ltd., and Greenville Glass Industries, Inc., which motion was denied in an opinion of this court dated July 31, 2003.  *See Fuyao Glass Indus. Group Co. v. United States*, 27 C.I.T. __, Slip Op. 03-98 (July 31, 2003).  As such, much of each opinion repeats the other.  The factual situations are sufficiently different, however, that for purposes of clarity the court is issuing two separate opinions.


     Xinyi Automotive Glass (Shenzen) Co., Ltd. ("Applicant"), moves for a preliminary injunction to enjoin liquidation of certain entries of Applicant's automotive replacement glass windshields (the "Subject Merchandise") pending a final decision on the merits in the underlying action.  PPG Industries, Inc., Safelite Glass Corp., and Viracon/Curvlite, a subsidiary of Apogee Enterprises, Inc. ("Defendant-Intervenors"), object to the issuance of a preliminary injunction.

The court has the authority to grant the requested relief. *See* 28 U.S.C. § 1585 (2000); 28 U.S.C. § 2643(c)(1) (2000); *see also* The All Writs Act, 28 U.S.C. § 1651(a) (2000). For the reasons set forth below, the court denies Applicant's motion.[1]

DISCUSSION

Injunctive relief is an "extraordinary remedy" that is to be granted sparingly. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (citing *R.R Comm'n of Tx. v. Pullman Co.*, 312 U.S. 496, 500 (1941)); *FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993); *PPG Indus., Inc. v. United States*, 11 C.I.T. 5, 6 (1987) (citing *Am. Air Parcel Forwarding Co. v. United States*, 1 C.I.T. 293, 298, 515 F. Supp. 47, 52 (1981)). Applicant bears the burden of establishing that: (1) absent the requested relief, it will suffer immediate irreparable harm; (2) there exists in its favor a likelihood of success on the merits; (3) the public interest would be better served by the requested relief; and (4) the balance of the hardships on all parties tips in its favor. *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 1983) (citing *S.J. Stile Assocs. v. Snyder*, 646 F.2d 522, 525 (C.C.P.A. 1981); *Va. Petroleum Jobbers Ass'n v. Federal Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958)); *Corus Group PLC v. Bush*, 26 C.I.T. __, __, 217 F. Supp. 2d 1347, 1353 (2002) (citing *Zenith*, 710 F.2d at 809). The court in its analysis

---

[1] In the action underlying this motion Applicant, along with Fuyao Glass Industry Group Co., Ltd., Greenville Glass Industries, Inc., Shenzhen Benxun Automotive Glass Co., Ltd., TCG International, Inc., Changchun Pilkington Safety Glass Co., Ltd., Guilin Pilkington Safety Glass Co., Ltd., Wuhan Yaohua Pilkington Safety Glass Co., Ltd., and Xinyi Automotive Glass (Shenzen) Co., Ltd., challenge certain aspects of the United States Department of Commerce's ("Commerce" or "Department") antidumping order covering automotive replacement glass windshields. *See* Auto. Replacement Glass Windshields from the P.R.C., 67 Fed. Reg. 16,087 (ITA Apr. 4, 2002) (antidumping duty order).

of these factors employs a "sliding scale" and, consequently, need not assign to each factor equal weight. *Corus*, 26 C.I.T. at __, 217 F. Supp. 2d at 1353–54 (citing *Chilean Nitrate Corp. v. United States*, 11 C.I.T. 538, 539 (1987)); *id.*, 26 C.I.T. at __, 217 F. Supp. 2d at 1354 (quoting *FMC Corp.*, 3 F.3d at 427) ("If a preliminary injunction is granted by the trial court, the weakness of the showing regarding one factor may be overborne by the strength of the others . . . . [Conversely], the absence of an adequate showing with regard to any one factor may be sufficient, given the weight or lack of it assigned to other factors, to justify [its] denial."). Notwithstanding, the crucial element is that of irreparable injury. *Id.*, 26 C.I.T. at __, 217 F. Supp. 2d at 1354 (citing *Elkem Metals Co. v. United States*, 25 C.I.T. __, __, 135 F. Supp. 2d 1324, 1329 (2001); *Nat'l Hand Tool Corp. v. United States*, 14 C.I.T. 61, 65 (1990)); *see also Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506–07 (1959) ("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies."); *Bomont Indus. v. United States*, 10 C.I.T. 431, 437, 638 F. Supp. 1334, 1340 (1986) (citing *Nat'l Corn Growers Ass'n v. Baker*, 9 C.I.T. 571, 585, 623 F. Supp. 1262, 1275 (1985); *Am. Air Parcel Forwarding Co. v. United States*, 6 C.I.T. 146, 152, 573 F. Supp. 117, 122 (1983)) ("Failure of an applicant to bear its burden of persuasion on irreparable harm is ground to deny a preliminary injunction, and the court need not conclusively determine the other criteria."). The court, having considered the requisite factors, concludes that Applicant has not established a clear showing that it is entitled to the requested relief.


    A.    *Irreparable harm*

As in *Fuyao*, Applicant advances a sole ground for a finding of irreparable injury:

> On April 30, 2003, Xinyi requested administrative review of the antidumping order of Xinyi's entries. No other party requested an administrative review of Xinyi's entries. The Department published notice of the initiation of the administrative review on May 21, 2003. Although Xinyi requested an administrative review, Xinyi is re-evaluating its decision to request the administrative review, pursuant to 19 C.F.R. § 351.213(d)(1). If Xinyi withdraws its request for review, Xinyi's entries would suffer irreparable harm without the existence of a preliminary injunction because Xinyi's entries that are subject to the first administrative review would be immediately liquidated at the original dumping duty deposit rates without regard to this Court's final decision once the Department publishes the notice of rescission of the administrative review for Xinyi's entries.[2]

Pl.'s Mem. of Points and Auths. in Supp. of its Partial Consent Mot. for a Prelim. Inj. (Pl.'s Mem.) at 3; *see* Initiation of Antidumping and Countervailing Duty Admin. Revs. and Request for Revocation in Part, 68 Fed. Reg. 27,781, 27,781 (ITA May 21, 2003) (notice) ("The Department has received timely requests . . . for administrative reviews of various antidumping and countervailing duty orders and findings with April anniversary dates . . . . [W]e are initiating administrative reviews of the following antidumping and countervailing duty orders and findings. . . . The P.R.C.: Automotive Replacement Glass Windshields A-570-867 . . . Xinyi Automotive Glass (Shenzhen) Co., Ltd. . . . ."). Thus, Applicant insists that it has satisfied its burden with respect to irreparable harm by claiming that, in the event it should abandon its request for an administrative review, entries subject to that review would be available for immediate liquidation. *Id.* at 3. ("[Applicant] is re-evaluating its decision to request the

---

[2] This unusual state of affairs seems to have been the result of Applicant's delay in filing its preliminary injunction motion. Pursuant to USCIT R. 56.2(a) "[a]ny motion for a preliminary injunction to enjoin liquidation of entries that are the subject of the action shall be filed by a party to the action within 30 days after the date of service of the complaint, or at such later time, for good cause shown." Applicant filed its complaint on June 6, 2002, and filed the instant motion on June 27, 2003.

administrative review . . . . If [Applicant] withdraws its request for review, [Applicant]'s entries

would suffer irreparable harm without the existence of a preliminary injunction.").[3] By statute,

"[t]he determination [resulting from the review] shall be the basis for the assessment of

countervailing or antidumping duties on entries of merchandise covered by the

determination . . . ." 19 U.S.C. § 1675(a)(2)(C). As stated in Commerce's regulations:

> Unlike the systems of some other countries, the United States uses
> a "retrospective" assessment system under which final liability for
> antidumping and countervailing duties is determined after
> merchandise is imported. Generally, the amount of duties to be
> assessed is determined in a review of the order covering a discrete
> period of time. If a review is not requested, duties are assessed at
> the rate established in the completed review covering the most

---

[3]      Pursuant to statute:

(1) Liquidation in accordance with determination. Unless such
liquidation is enjoined by the court under paragraph (2) of this
subsection, entries of merchandise of the character covered by a
determination of [Commerce] . . . contested under [19 U.S.C. §
1516a(a)] shall be liquidated in accordance with the determination
of [Commerce] . . . if they are entered, or withdrawn from
warehouse, for consumption on or before the date of publication in
the Federal Register by [Commerce] . . . of a notice of a decision of
the United States Court of International Trade, or of the United
States Court of Appeals for the Federal Circuit, not in harmony
with that determination. Such notice of a decision shall be
published within ten days from the date of the issuance of the court
decision.

(2) Injunctive relief. In the case of a determination described in
[19 U.S.C. § 1516a(a)(2)] by [Commerce] . . . the United States
Court of International Trade may enjoin the liquidation of some or
all entries of merchandise covered by a determination of
[Commerce] . . . upon a request by an interested party for such
relief and a proper showing that the requested relief should be
granted under the circumstances.

19 U.S.C. § 1516a(c).

> recent prior period or, if no review has been completed, the cash
> deposit rate applicable at the time merchandise was entered.

19 C.F.R. § 351.212(a). Thus, the Subject Merchandise covered by the administrative review is

not subject to liquidation until the review is complete, i.e., liquidation is suspended during an

administrative review pending the review's final determination. As a result, so long as the

administrative review of the Subject Merchandise stays its course the irreparable harm with

which Applicant claims to be faced remains in check. Furthermore, since no other party

requested administrative review of the Subject Merchandise, the decision as to whether or not the

review continues is entirely in Applicant's hands. *See* 19 C.F.R. § 351.213(d)(1) ("The Secretary

will rescind an administrative review under this section, in whole or in part, if a party that

requested a review withdraws the request within 90 days of the date of publication of notice of

initiation of the requested review."). In other words, the possibility of "irreparable harm" to

Applicant rests solely on Applicant's own action or inaction. As such, the irreparable harm

Applicant claims it must suffer absent an injunction is more in the way of a possibility than a

present threat, and the eventuality of such harm is wholly within Applicant's power to prevent.

This being the case, the court finds that it cannot grant the requested relief simply because the

prospect of irreparable harm is too speculative. *See S.J. Stile*, 826 F.2d at 525, *quoted in Zenith*,

710 F.2d at 809 ("Only a viable threat of serious harm which cannot be undone authorizes

exercise of a court's equitable power to enjoin before the merits are fully determined. A

preliminary injunction will not issue simply to prevent a mere possibility of injury, even where

prospective injury is great. A presently existing, actual threat must be shown." (internal citation

omitted)).[4]


        B.        *Likelihood of success on the merits*

"The failure . . . to establish irreparable harm significantly raises the burden imposed on

[p]laintiff to prove a likelihood of success on the merits." *Shandong Huarong Gen. Group Corp.*

*v. United States*, 24 C.I.T. 1286, 1292, 122 F. Supp. 2d 143, 148 (2000) (citing *FMC Corp.*, 3

F.3d at 427).  Put differently, a movant that fails to establish it is in danger of immediate

irreparable harm, cannot satisfy its showing as to a likelihood of success on the merits merely by

"rais[ing] questions going to the merits so serious, substantial, difficult and doubtful, as to make

them a fair ground for litigation and thus for more deliberate investigation." *Am. Air Parcel*, 1

C.I.T. at 298, 515 F. Supp. at 52 (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours,*

*Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977)); *see also Ugine-Savoie Imphy v. United States*, 24

---

[4]     *See also Elkem*, 25 C.I.T. at __, 135 F. Supp. 2d at 1332 (citing *Techsnabexport,*
*Ltd. v. United States*, 16 C.I.T. 420, 428, 795 F. Supp. 428, 437 (1992); *Nat'l Hand Tool*, 14
C.I.T. at 66)) ("While Petitioners arguably present a claim of past and even present financial
losses, as to the future such statements are speculative and conclusory, and cannot provide the
basis for a finding of irreparable injury.").  This is not to say, however, that what is now based on
speculation cannot become based in reality.  Applicant may have reason to abandon its request
for review due to considerations quite apart from those dealing with a suspension of liquidation.
Should it take such action, it would be in a position more akin to those found in *Zenith* and its
progeny, i.e., those in which relief by way of an injunction was justified.  *See Zenith*, 710 F.2d at
809 (holding "that liquidation would indeed eliminate the only remedy available to Zenith for an
incorrect review determination by depriving the trial court of the ability to assess dumping
duties . . . ."); *Shinyei Corp. of Am. v. United States*, 27 C.I.T. __, __, 248 F. Supp. 2d 1350,
1355 (2003) (citing *Zenith*, 710 F.2d at 810); *Ugine-Savoie Imphy v. United States*, 24 C.I.T.
1246, 1251, 121 F. Supp. 2d 684, 688 (citing *Zenith*, 710 F.2d at 810); *NMB Singapore Ltd. v.*
*United States*, 24 C.I.T. __, __, 120 F. Supp. 2d 1135, 1139 (2000) (citing *Zenith*, 710 F.2d at
810).  At this juncture, however, the facts do not demonstrate that Applicant will, absent an
injunction, suffer immediate irreparable harm, indicating the necessity of the court granting the
"extraordinary remedy" Applicant seeks.

C.I.T. 1246, 1251, 121 F. Supp. 2d 684, 690 (2000) (citing *PPG Indus.*, 11 C.I.T. at 8; *Floral Trade Council v. United States*, 17 C.I.T. 1022, 1023 (1993)) ("Where it is clear that the moving party will suffer substantially greater harm by the denial of the preliminary injunction than the non-moving party would by its grant, it will ordinarily be sufficient that the movant has raised 'serious, substantial, difficult and doubtful questions . . . .'"). Applicant's complaint does, in fact, raise serious issues, including questions regarding Commerce's determinations underlying the antidumping order with respect to its "reason to believe or suspect" finding, its selection of the proper surrogate values, as well as its calculations based on the selected surrogate values. *See* Compl. ¶¶ 8, 13, 16, 22, 25, 28. In support of its contention that the success on the merits factor weighs in its favor, Applicant directs the court's attention to two cases now on remand from this court. *See* Pl.'s Mem. at 5 (citing *China Nat'l Mach. Imp. & Exp. Corp. v. United States*, 27 C.I.T. __, Slip Op. 03-16 (Feb. 13, 2003); *Luoyang Bearing Factory v. United States*, 27 C.I.T. __, Slip Op. 03-41 (Apr. 14, 2003)). An examination of these cases, however, does not demonstrate that they are necessarily dispositive in Applicant's case. Thus, "[t]his is not a case where a decision in plaintiff[s'] favor on the merits can be predicted." *Chilean Nitrate*, 11 C.I.T. at 540. Given the absence of a showing of irreparable injury it would be particularly "inappropriate to resolve [these questions] . . . according to a likelihood of success on the merits standard." *Techsnabexport*, 16 C.I.T. at 429, 795 F. Supp. at 437; *see also Bomont*, 10 C.I.T. at 434, 638 F. Supp. at 1340 ("[T]he court is not persuaded now that the plaintiff is so likely to succeed on the merits as to make the showing of irreparable harm a conceptual formality.").

C.      *The public interest*

Applicant claims that the public interest favors its motion since "(i) preservation of this Court's authority [will] ensure that antidumping duties are assessed at the proper rate, and (ii) [it will ensure] uniform and fair application of the international trade statutes." Pl.'s Mem. at 6. It is in fact the case that the public interest in these matters lies in "the fair and efficient operation of the antidumping laws, and this factor is in lock step with the merits." *Chilean Nitrate*, 11 C.I.T. at 540; *see also Ugine-Savoie*, 24 C.I.T. at 1252 (quoting *PPG Indus.*, 11 C.I.T. at 9) ("[T]he public interest is served by 'ensuring that the ITA complies with the law, and interprets and applies [the] international trade statutes uniformly and fairly.'" (bracketing in original)). Were there no suspension of liquidation resulting from the request for administrative review, the public interest would undoubtedly favor the granting of an injunction and, thus, weigh heavily toward Applicant. *See Zenith*, 710 F.2d at 811 ("A second factor important to our discussion is the desire for the effective enforcement of the antidumping laws. . . ."); *id.* ("A conclusion that no irreparable harm is shown when that judicial review is rendered ineffective by depriving the interested party of the only meaningful correction for the alleged errors, would be inconsistent with the actions taken by Congress to correct deficiencies in prior enforcement activity under the antidumping laws."); *PPG Indus.*, 11 C.I.T. at 6 (citing *Zenith*, 710 F.2d at 811) ("Although the *Zenith* Court stated that one of the factors affecting its decision was the existence of actual injury, the Court made clear that at least one other factor was important to its decision. The second factor relied upon by the *Zenith* Court was the desire for effective enforcement of the antidumping laws."). So long as the suspension resulting from the request for administrative review is in effect, however, the subject merchandise covered by the review will be liquidated in

accordance with 19 U.S.C. § 1675(a)(2)(C) and Applicant will have an adequate remedy

consistent with the effective enforcement of the antidumping laws.  Thus, under these facts, the

public interest factor does not favor Applicant.

### D.    *Balance of the hardships*

With respect to the relative hardships on the parties should the injunction be granted,

Applicant insists that

> any hardship to Defendant caused by continued suspension of
> liquidation of entries subject to the contested determination is
> outweighed by the potential[5] harm to [Applicant] that would
> result if liquidation were to occur. . . . [I]n the event that injunctive
> relief is denied, [Applicant] loses its right to have any antidumping
> duties assessed.

Pl.'s Mem. at 4.  However, just as the prospect of irreparable harm is only a possibility absent

Applicant abandoning its request for an administrative review, so too is the prospect of

Applicant's hardship.  In the event Applicant were actually to abandon its request for

administrative review this factor would likely be weighed in favor of Applicant.  Under these

facts, however, Applicant has failed to demonstrate that this factor should be weighed in its

favor.  *See Techsnabexport*, 16 C.I.T. at 429, 795 F. Supp. at 437 ("As plaintiffs have the burden

on this issue, the hardships are presumed to balance.").

### CONCLUSION

For the foregoing reasons, the court finds that Applicant has failed to meet its burden with

---

[5]    It is worth noting that at this point Applicant appears to recognize its harm to be
potential.

respect to each of the four prongs of the test for preliminary injunctive relief.  Accordingly,

Applicant's motion for preliminary injunction is denied.

_____
Richard K. Eaton, Judge

Dated: July 31, 2003
       New York, New York